## Commonwealth *vs.* Tony L. Marable.

Berkshire. February 5, 1998. - May 20, 1998.

Present: Wilkins, C.J., Abrams, Lynch, Greaney, Fried, Marshall, & Ireland, JJ.

*Practice, Criminal,* Speedy trial, Dismissal.

Where a criminal defendant was brought to trial within one year of his arraignment, after certain periods of delay in which he acquiesced or from which he benefited were excluded from the calculation, the defendant was not entitled to dismissal of the indictments pursuant to Mass. R. Crim. P. 36 (b). [506-508]

Indictments found and returned in the Superior Court Department on April 28, 1994.

A motion to dismiss was heard by *Francis X. Spina,* J., and the cases were heard by him.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Paul D. Barry* for the defendant.

*Paul J. Caccaviello,* Assistant District Attorney, for the Commonwealth.

Abrams, J. The defendant, Tony L. Marable, was convicted in the Superior Court of distribution of cocaine, possession of marihuana with intent to distribute, and distribution of a controlled substance within 1,000 feet of a school zone. He appealed, arguing that the indictments should have been dismissed because the Commonwealth failed to bring him to trial within one year of his arraignment as required by Mass. R. Crim. P. 36 (b), 378 Mass. 909 (1979). The Appeals Court, in a summary decision pursuant to its rule 1:28, reversed the judgments and dismissed the indictments. *Commonwealth* v. *Marable,* 43 Mass. App. Ct. 1101 (1997). We allowed the Commonwealth's application for further appellate review. We conclude that the Commonwealth can justify the delay in bringing the defendant to trial. Therefore, we affirm the defendant's convictions.

*Facts.* The defendant was arraigned on May 4, 1994, and he

filed his motion to dismiss on December 13, 1995, 588 days later.[1] The Commonwealth therefore must account for 223 days to avoid dismissal of the indictments. The defendant concedes that the following periods of time, totaling ninety-three days, are to be excluded: May 25, 1994, through July 1, 1994 (thirty-eight days during which the defendant had an opportunity to bring pretrial motions); July 13, 1995, through August 28, 1995 (forty-seven days, during which the defendant was in default, having failed to appear for trial on July 13, and defense counsel was in flux); and November 1, 1995, through November 8, 1995 (eight days, during which defense counsel had a prior commitment). Therefore, the Commonwealth must still account for 130 days.

*General principles.* Rule 36 (b) (1) (C) provides that "a defendant shall be tried within twelve months after the return day in the court in which the case is awaiting trial." "The return day is the date of arraignment." *Commonwealth* v. *Spaulding*, 411 Mass. 503, 504 n.3 (1992), citing Mass. R. Crim. P. 2 (b) (15), 378 Mass. 844 (1979). A defendant can thus establish a prima facie violation of rule 36 (b) simply by showing that he or she was tried more than one year after the arraignment. However, "[t]he delay may be excused by a showing that it falls within one of the '[e]xcluded [p]eriods' provided in rule 36 (b) (2), or by a showing that the defendant acquiesced in, was responsible for, or benefited from the delay." *Id.* at 504. "The filing of a motion to dismiss tolls the running of rule 36 time." *Id.* at 505 n.4, citing *Barry* v. *Commonwealth*, 390 Mass. 285, 294 (1983).

We reject the Commonwealth's argument that Berkshire County should be treated differently from most other counties under rule 36 because that county, unlike most others, hears criminal cases for only two weeks of each month. The rule requires that defendants be tried "within twelve months" of arraignment, but the Commonwealth asks that we compel defendants awaiting trial in Berkshire County to wait twice as long. Nothing in rule 36 excludes periods of time when the court, by its own practice, does not sit for criminal sessions,

---

[1] "In computing any time limit other than an excluded period, the day of the act or event which causes a designated period of time to begin to run shall not be included. Computation of an excluded period shall include both the first and the last day of the excludable act or event." Mass. R. Crim. P. 36 (b) (3), 378 Mass. 909 (1979).

and it cannot be said that the defendant caused, benefited from, or acquiesced in the delay caused by Berkshire County's unique schedule. Overcrowding or logistical problems such as the Commonwealth presents to us in this case do not toll the rule 36 period.

We also reject the Commonwealth's suggestion that placing a defendant on a trial list means that a defendant was "brought to trial" or "tried" within the meaning of rule 36. The trial itself must at least commence within the one-year period. It is the trial courts' responsibility to "control their own dockets so that criminal cases are brought to trial within the time periods specified by rule 36." *Commonwealth* v. *Lauria*, 411 Mass. 63, 70 (1991). We note that under the Federal speedy trial act, 18 U.S.C. § 3161 (1994), trial must commence within seventy days of arraignment. Several circuits of the Federal Court of Appeals have held that a trial commences on voir dire of the jury. See *United States* v. *Rodriguez*, 63 F.3d 1159, 1164 (1st Cir.), cert. denied, 516 U.S. 1032 (1995); *United States* v. *A-A-A Elec. Co.*, 788 F.2d 242, 246 (4th Cir. 1986); *United States* v. *Crane*, 776 F.2d 600, 603 (6th Cir. 1985); *United States* v. *Manfredi*, 722 F.2d 519, 524 (9th Cir. 1983); *United States* v. *Howell*, 719 F.2d 1258, 1262 (5th Cir. 1983), cert. denied, 467 U.S. 1228 (1984); *United States* v. *Gonzalez*, 671 F.2d 441, 443 (11th Cir.), cert. denied, 456 U.S. 994 (1982).

*The calculations.* The Commonwealth argues that the time from the return day until May 13, 1994 (nine days), should be excluded because the defendant did not have permanent counsel at that time. We agree. During this period, the defendant's legal representation was in flux. The defendant benefited from this delay because it permitted him to retain counsel for trial. It is therefore excluded. See *Commonwealth* v. *Judd*, 25 Mass. App. Ct. 921, 923-924 (1987).

The Commonwealth next contends that the entire month of July, 1994 (thirty days, because it is conceded that July 1 is excluded), should be excluded. The Appeals Court, in its memorandum, correctly noted that this is "a critical contested time." If this month is included, then the indictments must be dismissed. From July 31, 1994, through July 12, 1995, the Commonwealth argues that only five days (in June, 1995) are excluded. Thus, if July, 1994, is included, there is a lapse of 376 days (July 2, 1994, through July 12, 1995, inclusive), of which at least 371 are included, violating rule 36.

The motion judge, ruling on the defendant's motion to dismiss, excluded this period because the defendant had a deadline of July 1, 1994, to file pretrial motions.[2] This deadline fell after the trial list for the month of July was set. The defendant's case therefore could not have been placed on the July, 1994, trial list unless the defendant requested that his case be placed on the trial list. The defendant did not do so. The Commonwealth argues that the judge properly excluded this period. We agree. The defendant agreed to the July 1 deadline and made no motion, as permitted by G. L. c. 278, § 1, to add his case to the July trial list.[3] He therefore acquiesced in and partially caused the delay for the month of July. These thirty days were properly excluded.

The Commonwealth argues that five days within the period between June 5, 1995, and July 13, 1995, should be excluded because defense counsel was unavailable. This contention appears to be based on defense counsel's request that the case not be tried during the week of June 19, 1995. Because defense counsel caused this delay, these five days are excluded.

The Commonwealth argues that the period from September, 1995, through the date of the defendant's motion to dismiss (104 days) should be excluded. Throughout this period, the defendant was placed on each month's trial list, and each month passed without his case being reached for trial. At no time did the defendant object, bring a motion for a speedy trial, or move to dismiss until December 13, 1995. This, the Commonwealth points out, was the day after the defendant received the information that his case would be called for trial on December 14, 1995.

Defendants in a criminal matter bear an "obligation . . . to object to delay" and a "responsibility to 'press their case through the criminal justice system.' " *Commonwealth* v. *Lauria, supra* at 68, quoting *Barry* v. *Commonwealth, supra* at 297.

---

[2]The defendant did not, however, actually file any pretrial motions until December 13, 1995, when he filed his motion to dismiss.

[3]The defendant apparently was never placed on the August, 1994, through May, 1995, trial lists, although a pretrial conference was held in May, 1994. The Commonwealth does not, and could not, contend that this was the defendant's responsibility. The pending motions period disabled the Commonwealth from placing the defendant on the July, 1994, list, but no such impediment existed as to the remaining lists. The defendant's failure to move to be placed on the remaining lists therefore does not render that time excluded. "[T]he primary responsibility for setting a date for trial lies with the district attorney." *Barry* v. *Commonwealth*, 390 Mass. 285, 296 n.13 (1983).

"[W]hen a defendant has not entered an objection to delay, he may be deemed to have acquiesced in the passage of time." *Commonwealth* v. *Lauria, supra.* This is particularly true in the smaller counties. By failing to object to the delay until the very eve of trial, the defendant acquiesced in the delay. We conclude that these 104 days are properly excluded.

A total of 233 days are therefore excluded from the calculation of the period between the defendant's arraignment and his motion to dismiss. The calculation is set forth in the margin.[4] The defendant was therefore brought to trial within the one-year period prescribed by rule 36. The Superior Court judge properly denied the motion to dismiss.

In sum, under rule 36, the district attorney has the responsibility to place the case on the trial list timely. The defendant must inform the court that he or she wants a speedy trial, and in those circumstances it is the court's obligation to see that the defendant's case is heard within the applicable time period.

The motion to dismiss was properly denied and the judgments of the Superior Court are affirmed.

*So ordered.*

---

[4]The following periods are excluded:

| | |
|---|---:|
| May 5, 1994 - May 13, 1994 | 9 days |
| May 25, 1994 - July 1, 1994 | 38 days |
| July 2, 1994 - July 31, 1994 | 30 days |
| June 19, 1995 - June 23, 1995 | 5 days |
| July 13, 1995 - August 28, 1995 | 47 days |
| September 1, 1995 - December 13, 1995 | 104 days |
| TOTAL | 233 days |

As noted above, the total elapsed time between the arraignment and the motion to dismiss was 588 days. Subtracting the 233 excluded days yields 355 days, and thus is within the one-year rule 36 period.