### COMMONWEALTH *vs.* GEORGE F. FLING, JR.

No. 04-P-1141.

Plymouth. May 9, 2006. - August 28, 2006.

Present: KANTROWITZ, BERRY, & DOERFER, JJ.

*Practice, Criminal,* Speedy trial, Record, Continuance.

A Superior Court judge did not err or abuse her discretion in allowing the record in a criminal action to be supplemented to explain various delays in bringing the matter to trial, and where the amended record showed that the defendant acquiesced in those delays, the judge properly denied the defendant's motion to dismiss. [235-238]

INDICTMENTS found and returned in the Superior Court Department on December 20, 1999.

The cases were heard by *Carol S. Ball,* J., and a motion to correct the record, filed on December 16, 2004, was also heard by her.

*Ryan M. Schiff* (*Michael R. Schneider* with him) for the defendant.

*Audrey Anderson Kachour,* Assistant District Attorney, for the Commonwealth.

DOERFER, J. The defendant appeals from his convictions solely on the basis of a purported violation of Mass.R.Crim.P. 36, 378 Mass. 909 (1979). He also appeals from a postjudgment order allowing the Commonwealth's motion to correct the record pursuant to Mass.R.A.P. 8(e), as amended, 378 Mass. 932 (1979). The question presented by his consolidated appeals is whether the record was properly amended by the taking of evidence to supplement the docket entries to explain the various delays in bringing the matter to trial. The judge did not err in allowing the record to be supplemented, and the amended record shows acquiescence by the defendant in those continuances about which he subsequently complained. Thus there was no er-

ror in the denial of his motion to dismiss under rule 36, or in the allowance of the Commonwealth's motion to correct the record pursuant to Mass.R.A.P. 8(e).

*Background facts and case history.* On December 17, 1998, the defendant was arrested for stabbing a man during a fight arising after both men used heroin in the defendant's home. The defendant gave a false name while being booked, posted bail, and then failed to appear at his next court date. He was arrested in February, 1999, and arraigned on April 20, 1999, on charges of assault and battery by means of a dangerous weapon, G. L. c. 265, § 15A(*b*); being a habitual offender, G. L. c. 279, § 25; and failure to appear in court after release on bail or recognizance, G. L. c. 276, § 82A. During approximately the next two years, the docket reflects that there were numerous continuances by agreement and that the defendant changed counsel at least four times.[1]

On May 1, 2001, the defendant's case was assigned to the second session of the Superior Court in Plymouth County for trial.[2] The next docket entry relating to a trial date appears 383 days later, on May 20, 2002. Due, in part, to a delay attributable to the defendant, the trial was postponed further.[3] A bench trial was held 150 days later, on October 17, 2002,[4] a total of

---

[1]During this time, the defendant was held in custody as he was unable to post the $100,000 bail. At a bail hearing on February 15, 2001, a Superior Court judge denied the bail reduction request without prejudice after hearing evidence that the defendant had a thirty-three page record, that he posed a flight risk, that the underlying crime was serious, and that the defendant's conduct (including numerous counsel changes) caused most of the delays. On March 28, 2001, the defendant, although represented by counsel, filed a pro se motion to dismiss under rule 36. At a bail reduction hearing on April 24, 2001, continued to May 1, 2001, before a different Superior Court judge, defense counsel invoked the defendant's speedy trial rights, and the parties agreed to a jury-waived trial set in May, 2001. The judge allowed the motion to reduce bail, which the defendant posted.

[2]At that time, there was a single criminal trial session in the Superior Court in Plymouth County, in Brockton.

[3]As a result of the defendant's failure to appear on time for trial (causing the release of the empaneled jury), the judge ordered the defendant defaulted and revoked his bail.

[4]In September, 2002, the clerk received a handwritten letter from the defendant relating to his speedy trial rights. The letter, treated as a pro se motion to dismiss pursuant to rule 36, was denied on October 17, 2002, when the case was tried.

1,276 days[5] after arraignment. The trial judge acquitted the defendant of the assault and battery charge, but convicted him of failure to appear and of being a habitual offender.

The defendant appealed from his convictions, alleging a rule 36 violation. After the appeal had been entered in this court, the Commonwealth, claiming that the docket did not reflect entries relating to two trial dates in June and October, 2001, was granted leave by this court pursuant to Mass.R.A.P. 8(e), to file a motion to correct the trial court's docket to include the pertinent entries. After an evidentiary hearing at which the clerk-magistrate testified about scheduled trial dates that had not been entered on the docket, the trial judge allowed the motion to correct the record, finding that, although not reflected in the docket, the case had been scheduled for trial on June 6, 7, and 8, 2001, and then again on October 17, 2001. The judge also found that no objection to these continuances had been registered with the clerk or the judge.[6] The defendant filed a notice of appeal from the order allowing the motion to correct the record, which appeal was consolidated with his direct appeal.

---

[5] "In computing any time limit other than an excluded period, the day of the act or event which causes a designated period of time to begin to run shall not be included. Computation of an excluded period shall include both the first and the last day of the excludable act or event." Mass.R.Crim.P. 36(b)(3), 378 Mass. 912 (1979).

[6] In her written findings, the judge allowed the motion and stated:

> "Based on these submissions and evidence taken this day from Asst. Clerk Foley and based on my experience sitting in Brockton, I find that this case was sent to the trial session in Brockton and, thereafter, the case was scheduled for trial on June 6, 7, and 8, 2001 then again on October 17, 2001. It was not reached due to the press of business in the sole criminal trial in Brockton session which had well over 100 cases pending, [ ] for trial and due to the trial schedules of counsel. I also find that no objection to the continuance of these trial dates was registered with the clerk or court. Indeed, once the defendant, pro se, wrote to the clerk's office pressing his desire for a speedy trial (see letter of September 2002, exhibit L to the instant motion), the matter was scheduled for trial post haste and was reached in October 2002 and tried."

We observe that court congestion may be a sufficient reason to excuse delay when a defendant agrees to a continuance on this basis and that "when a defendant allows a scheduled trial date to pass without objection," the defendant acquiesces in the delay. *Commonwealth* v. *Spaulding*, 411 Mass.

*Discussion.* There is no dispute that the time period between (and including) the dates of the arraignment on April 20, 1999, and the hearing on May 1, 2001 (743 days), was excludable due to continuances agreed to by the defendant, see *Commonwealth v. Spaulding*, 411 Mass. 503, 507 (1992), as well as due to the defendant's frequent change of counsel, for which he was responsible and from which he benefited. See *Commonwealth v. Marable*, 427 Mass. 504, 506 (1998). As the defendant concedes, "the essential time period [at issue] in this case" is the 383 days between May 1, 2001, and May 20, 2002, for which the uncorrected original docket contained no entries of trial dates or continuances.[7]

Under rule 36(b)(1), if a defendant is not brought to trial within twelve months of the "return day,"[8] which is the date of arraignment here, then the defendant is "presumptively entitled to dismissal of the charges." *Commonwealth v. Spaulding*, 411 Mass. at 504. See *Commonwealth v. Marable*, 427 Mass. at 505 (defendant establishes a "prima facie violation of rule 36[b] simply by showing that he or she was tried more than one year after the arraignment").

Once a twelve-month delay has been shown, the Commonwealth has the burden of justifying the delay. *Commonwealth v. Mattos*, 404 Mass. 672, 674 (1989). The Commonwealth may justify the lapse by showing that the delay is based upon periods of time specifically excluded by rule 36(b)(2), as well as by periods of time in which the defendant acquiesced, for which he is responsible, or from which he benefited. *Id.* at 675. *Commonwealth v. Lauria*, 411 Mass. 63, 68 (1991). Although the prosecutor has the primary responsibility for setting a trial date, *Commonwealth v. Spaulding*, 411 Mass. at 506, the defendant may be deemed to have acquiesced in the delay by failing to object to continuances or to take any action when a trial date passes. See, e.g., *Barry v. Com-*

---

503, 507 (1992). See *Commonwealth v. Fleenor*, 39 Mass. App. Ct. 25, 27 (1995).

[7] During this time period, the defendant was not in custody.

[8] " 'Return Day' means the day upon which a defendant is ordered by summons to first appear or, if under arrest, does first appear before a court to answer to the charges against him, whichever is earlier." Mass.R.Crim.P. 2(b)(15), 378 Mass. 846 (1979).

*monwealth*, 390 Mass. 285, 298 n.16 (1983); *Commonwealth* v. *Farris*, 390 Mass. 300, 305 (1983); *Commonwealth* v. *Spaulding*, 411 Mass. at 505-506. A defendant cannot sit by passively, but must make sure that an objection to a specific continuance is timely noted. See *Commonwealth* v. *Fleenor*, 39 Mass. App. Ct. 25, 28 n.4 (1995) ("In order to insure that an objection is noted, it should be made on the record or counsel should file a written objection, with a copy to the Commonwealth").[9]

In determining whether to correct the docket, the trial judge allowed the Commonwealth to present evidence from an assistant clerk-magistrate that showed that, according to his work

---

[9]The defendant argues that, in the spring of 2001, he took certain actions that should have kept the rule 36 clock ticking: (1) he filed a pro se motion to dismiss on rule 36 grounds on March 28, 2001, which was denied; (2) his counsel invoked his speedy trial rights at a bail reduction hearing on May 1, 2001; and (3) through counsel, he objected to a short continuance on April 26, 2001 due to the unavailability of an essential witness for the Commonwealth. Each of these actions was resolved without error prior to the relevant 383-day period at issue. There was no abuse of discretion when the Superior Court judge decided not to dismiss the charges (based upon arguments set forth in the pro se motion to dismiss or at the bail reduction hearing) as the defendant, up to that point, had acquiesced in the delay through agreement to various continuances and constant change of counsel. See *Commonwealth* v. *Plantier*, 22 Mass. App. Ct. 314, 318 (1986) (dismissal within the judge's discretion). See also Reporters' Notes to Mass.R.Crim.P. 36, Mass. Ann. Laws Court Rules, Rules of Criminal Procedure, at 1639 (LexisNexis 2005) ("the court is given the discretion to consider and determine whether a proffered explanation for delay is a valid excluded period"). The defendant may not rely on these actions to provide a blanket objection to any and all future continuances, especially where he failed to object to, and thus acquiesced in, those future continuances. See *Barry* v. *Commonwealth*, 390 Mass. at 298 n.16 ("Where a date is set for the filing of reports or motions, or for trial, and the defendant does not enter an objection when the date passes without any action being taken, he will be deemed to have acquiesced in delay"); *Commonwealth* v. *Dias*, 405 Mass. 131, 139 (1989) ("defense counsel has an obligation to object to delay"); *Commonwealth* v. *Fleenor*, 39 Mass. App. Ct. at 28 n.4. See also and compare *Commonwealth* v. *Spaulding*, 411 Mass. at 507 n.9, 509.

The defendant also claims that a handwritten letter received by the clerk in September, 2002, demonstrates his objections to past continuances. However, it is not enough for the defendant to contend, long after the event has passed, that he objected to all previous continuances. See *Commonwealth* v. *Spaulding*, 411 Mass. at 507 (holding that the defendant acquiesced in the delay when he allowed a scheduled trial date to pass without objection); *Commonwealth* v. *Marable*, 427 Mass. at 508 ("By failing to object to the delay until the very eve of trial, the defendant acquiesced in the delay"); *Commonwealth* v. *Fleenor*, 39 Mass. App. Ct. at 27 n.3.

calendar, he had set trial dates for June and October, 2001.[10] It has been stated that " 'the docket and minutes of the clerk are prima facie evidence of the facts recorded therein,' *Barry* v. *Commonwealth*, 390 Mass. 285, 289 (1983). . . ." *Commonwealth* v. *Mattos*, 404 Mass. at 677. Furthermore, the docket and minutes of the clerk may be "supplemented, or even rebutted, by other evidence." *Ibid.* Here the judge was presented with evidence that corroborated and supplemented the clerk-magistrate's notes[11] regarding the trial dates and continuances. The supplemental evidence included testimony as to the clerk-magistrate's usual practice, see *Commonwealth* v. *Robles*, 423 Mass. 62, 73 & n.17 (1996), an affidavit of the trial prosecutor, and documents from the prosecutor's files, including copies of letters and summonses to witnesses and facsimile transmittals to the defense attorney, that were prepared in the normal, ordinary course of business. The judge was entitled to credit this evidence in finding that the docket should have reflected certain trial dates and continuances. See *Commonwealth* v. *Mattos*, 404 Mass. 672, 677 (1989) ("The judge was entitled to credit the prosecutor's uncontradicted representations and to conclude therefrom that the Commonwealth had proved that the trial delay beyond twelve months was justified").

Furthermore, in a motion to correct the record pursuant to Mass.R.A.P. 8(e), "[t]he trial judge's correction is essentially

[10]We decline to reach the question whether the clerk-magistrate had authority to grant the continuances under rule 36(b)(2)(F), as the evidence demonstrates that the defendant did not object. See *Commonwealth* v. *Farris*, 390 Mass. at 306 n.6 (not reaching the question of the magistrate's authority to grant a continuance where there was no objection). See, however, G. L. c. 221, § 62C(*a*); *First Justice of the Bristol Div. of the Juvenile Ct. Dept.* v. *Clerk-Magistrate of the Bristol Div. of the Juvenile Ct. Dept.*, 438 Mass. 387, 398 (2003). See also Mass.R.Crim.P. (2)(b)(5), 378 Mass. 845 (1979); Mass. R.Crim.P. 10(a)(4), 426 Mass. 1501 (1997). Compare *Commonwealth* v. *Pacifico*, 27 Mass. App. Ct. 254, 255 n.1 (1989) (pertaining to Mass.R.Crim.P. 10[a], 378 Mass. 861 [1979]); Reporters' Notes to Mass.R.Crim.P. 36(b)(2)(F), Mass. Ann. Laws Court Rules, Rules of Criminal Procedure, at 1642 (Lexis-Nexis 2005).

[11]We consider the calendar used by the clerk-magistrate for scheduling trials to be part of the "clerk's notes and minutes," *Commonwealth* v. *Mattos*, 404 Mass. at 676, which, when supplemented by other evidence considered by the judge, were legally sufficient to establish that trial dates were set, that the defendant had notice of the dates, and that no defense objections to the continuances were brought to the judge's attention. See *ibid.*

conclusive." *Commonwealth* v. *Robles*, 423 Mass. at 73. See *Letch* v. *Daniels*, 401 Mass. 65, 67 n.3 (1987). "The purpose of rule 8(e) is not to enable counsel to introduce new or extraneous material into the appellate record, but to furnish the appellate courts with an accurate record of the proceedings below." *Knott* v. *Racicot*, 442 Mass. 314, 327 (2004).

For the purpose of providing this court with an accurate record, the trial judge did not err or abuse her discretion in correcting the docket to reflect the reality of what occurred below. Although the lengthy delay here was unfortunate, the Commonwealth has successfully shown the relevant time at issue to be justifiably excluded. The remaining time fell well within the one-year rule 36 period, and the motion to dismiss pursuant to rule 36 was appropriately denied.

*Judgments affirmed.*

*Order allowing motion to correct record affirmed.*