COMMONWEALTH *vs.* JON J. BOURDON.

No. 06-P-400.

Berkshire. October 5, 2006. - March 28, 2007.

Present: GREENBERG, SMITH, & GELINAS, JJ.

*Practice, Criminal,* Speedy trial.

This court affirmed an order of a trial court judge granting a criminal defendant's motion to dismiss, brought on the ground that the Commonwealth failed to bring the defendant to trial within one year of the date of his arraignment, as required by Mass.R.Crim.P. 36, where the seventeen-month period between the hearing on the defendant's motion and the judicial resolution of that motion included a sufficient number of nonexcludable days that the period of time violated rule 36 without the necessity of any computations concerning the period that preceded it. [528-532]

COMPLAINT received and sworn to in the Northern Berkshire Division of the District Court Department on October 1, 2002.

A motion to dismiss was heard by *Robert F. Kumor, Jr.,* J., and a motion for reconsideration was considered by him.

*Marianne Shelvey,* Assistant District Attorney (*Joseph A. Pieropan,* Assistant District Attorney, with her) for the Commonwealth.

*Adam P. Clermont* for the defendant.

GREENBERG, J. The case before us is the Commonwealth's appeal from the dismissal of the charges against the defendant on the basis of a violation of Mass.R.Crim.P. 36, as amended, 422 Mass. 1503 (1996). The motion judge allowed the defendant's motion to dismiss because the Commonwealth "failed to bring [the defendant] to trial within one year of the date of his arraignment as required by Mass.R.Crim.P. 36(b)(1)." We affirm, but on a different basis from that articulated by the motion judge.

Rule 36 of the Massachusetts Rules of Criminal Procedure,

entitled "Case Management,"[1] establishes precise limits for bringing a defendant to trial, a violation of which may result in dismissal under the rule. A criminal defendant who is not brought to trial within twelve calendar months of the "return date," here the arraignment, is "presumptively entitled to dismissal of the charges" unless the Commonwealth is able to justify the delay. *Commonwealth* v. *Spaulding*, 411 Mass. 503, 504 (1992). "The delay may be excused by a showing that it falls within one of the '[e]xcluded [p]eriods' provided in rule 36(b)(2), or by a showing that the defendant acquiesced in, was responsible for, or benefited from the delay." *Ibid.* See *Commonwealth* v. *Lauria*, 411 Mass. 63, 68 (1991). See also *Barry* v. *Commonwealth*, 390 Mass. 285, 292 (1983).

Because rule 36 is a rule of case management, "[i]t is wholly separate from [a] defendant['s] constitutional right to a speedy trial." *Commonwealth* v. *Lauria*, supra at 67. "[T]he opportunity conferred by [rule 36] is not a fundamental constitutional right, or even a right created by statute[; therefore,] the application of 'traditional indicia of waiver of rights' is appropriate." *Commonwealth* v. *Farris*, 390 Mass. 300, 305 (1983), quoting from *Barry* v. *Commonwealth*, 390 Mass. at 296.

"As [the Supreme Judicial Court] said in *Barry* v. *Commonwealth*, . . . 'we are in as good a position as the judge below to decide whether the time limits imposed by the rule have run.' This is so because '[w]hen a claim is raised under rule 36, the docket and minutes of the clerk are prima facie evidence of the facts recorded therein.' . . . 'In these circumstances, while we will give deference to the determination made by the judge below, we may reach our own conclusions.' " *Commonwealth* v. *Farris*, supra at 303-304, quoting from *Barry* v. *Commonwealth*, supra at 289-290.

We proceed to outline the relevant portions of the lengthy saga which began after the defendant was arraigned on a complaint for operating a motor vehicle under the influence of

---

[1]Rule 36(b)(1) states, in pertinent part: "[A] defendant shall be tried within twelve months after the return day in the court in which the case is awaiting trial. . . . If a defendant is not brought to trial within the time limits . . . , he shall be entitled upon motion to a dismissal of the charges." The return day is the date of arraignment. See Mass.R.Crim.P. 2(b)(15), 378 Mass. 844 (1979).

intoxicating liquor in the North Adams Division of the District Court Department on October 1, 2002.

*Facts.* After the defendant was arraigned on October 1, 2002, there were numerous proceedings pertaining to discovery and to the preparation of a pretrial conference report. The defendant appeared in court on May 9, 2003, to sign the pretrial conference report. December 15, 2003, was selected as the six-person jury trial date; November 1, 2003, was selected as the discovery compliance date.

On December 15, 2003, both parties were prepared for trial; however, the clerk-magistrate declared that there would be no more jury trials that week because inclement weather prevented the judge from traveling to the North Adams court house. The trial was continued to January 21, 2004; the defendant objected to this continuance.[2]

A new trial date of January 21, 2004 was set, but in response to the defendant's motion for a speedy trial, the trial date was moved up to January 5. However, no jurors were empanelled from December 23, 2003, until January 5, 2004, because of the Christmas and New Year's Day holidays; therefore, the trial date was moved back to January 21, 2004.[3] On January 9, 2004, the defendant filed his motion to dismiss for a rule 36 violation. After argument on March 18, 2004, the judge took the defendant's motion under advisement. About seventeen months later, on August 30, 2005, the same judge granted the dismissal.[4]

*Discussion.* The defendant urges an affirmance on the basis set forth by the motion judge. Additionally, the defendant argues, for the first time on appeal, that his case was properly dismissed under rule 36 because his motion to dismiss was under advisement for seventeen months: from March 18, 2004, to August 30, 2005. We agree.

The seventeen-month period between the hearing on the

---

[2]This was the only instance in the record where the defendant objected to a continuance.

[3]At the North Adams court house, one day per week is devoted to trials.

[4]In so doing, the motion judge chronicled which periods before the hearing on the motion were excludable under rule 36(b)(2) and which periods were not. He concluded that the Commonwealth had "failed to bring Bourdon to trial within one year of the date of his arraignment." We do not review the motion judge's calculations because we decide this case on an alternate basis.

defendant's rule 36 motion to dismiss and the judicial resolution of that motion included a sufficient number of nonexcludable days that the period of time violates rule 36 without the necessity of any computations concerning the period that preceded it. "The following periods shall be excluded in computing the time within which the trial of any offense must commence: (A) Any period of delay resulting from other proceedings concerning the defendant, including, but not limited to: . . . (vii) delay reasonably attributable to any period, *not to exceed thirty days*, during which any proceeding concerning the defendant is actually under advisement" (emphasis supplied). Mass.R.Crim.P. 36(b)(2)(A)(vii). After it is apparent that a delay exceeding twelve months has occurred, the burden is on the Commonwealth to justify the delay. See *Commonwealth* v. *Fling*, 67 Mass. App. Ct. 232, 235 (2006), and cases cited.

"In determining the proper construction of rule 36, we are guided by its language as well as the mandates of Mass.R. Crim.P. 2(a), 378 Mass. 844 (1979), that the 'rules are intended to provide for the just determination of every criminal proceeding. They shall be construed to secure simplicity in procedure, fairness in administration, and the elimination of expense and delay.' . . . 'This rule is taken in part from the ABA Standards Relating to Speedy Trial (Approved Draft, 1968) and to a lesser extent from the Federal Speedy Trial Act, 18 U.S.C. §§ 3161-74 (Supp. 1, 1975), and former G. L. c. 277, §§ 72 (St. 1784, c. 72) and 72A (St. 1965, c. 343).' . . . Federal decisions which construe the Federal Speedy Trial Act (Federal Act) may be relevant, at least where the language of the Federal Act closely parallels the language of the rule." *Barry* v. *Commonwealth*, 390 Mass. at 290, quoting from Reporter's Notes to Mass.R.Crim.P. 36, Mass. Ann. Laws, Rules of Criminal Procedure, at 524 (1979). The language of Mass.R.Crim.P. 36(b)(2)(A)(vii) that we address here[5] is taken directly from the Federal Speedy Trial Act (Federal Act). See 18 U.S.C. § 3161(h)(1)(J) (2000).

The United States Court of Appeals for the First Circuit has

---

[5]"Delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement." Mass.R.Crim.P. 36(b)(2)(A)(vii).

interpreted the Federal Act to require the dismissal of a case as violating the time requirements of the Federal Act where the trial judge had a motion to suppress under advisement for 134 days and only thirty of those days were excludable. See *United States* v. *Scott,* 270 F.3d 30, 53-58 (1st Cir. 2001), cert. denied, 535 U.S. 1007 (2002). The court held that any period of time during which the motion was under advisement beyond the thirty-day exclusion counted against the government for purposes of the act. *Id.* at 57. Under the Federal Act, a motion to dismiss has been treated as the equivalent of other pretrial motions for purposes of determining periods of exclusion. *United States* v. *Bolden,* 700 F.2d 102, 103 (2d Cir. 1983).

The Commonwealth correctly points out that the rule 36 clock was tolled when the defendant filed his motion to dismiss because a hearing promptly followed the filing. See *Barry* v. *Commonwealth,* 390 Mass. at 294. See also *Commonwealth* v. *Rodgers,* 448 Mass. 538, 540 n.4 (2007). However, the period during which time was tolled under rule 36 ended thirty days after the March 18, 2004, hearing, and the burden of bringing the case to trial shifted to the Commonwealth. Compare *Commonwealth* v. *Spaulding,* 411 Mass. at 508 (when case continued "for status," responsibility passed to the Commonwealth).

Here the Commonwealth did nothing to bring the pending case to the attention of the court. Contrast *Commonwealth* v. *Lauria,* 411 Mass. at 70-71 (concluding that the defendants were at least required to object to the delay "after the Commonwealth had persistently sought to move the cases along" and, by not doing so, acquiesced in the delay). Also, unlike the defendants in *Lauria,* there is no indication that the defendant benefited from the delay between the hearing and the deciding of the motion. Compare *Commonwealth* v. *Spaulding,* 411 Mass. at 509.

As in *Spaulding,* the Commonwealth here "relies almost exclusively on the rationale . . . that no delay is chargeable to the Commonwealth until the defendant first objects . . . . No argument is made . . . that the defendant benefited by the delay or that the defendant was not ready for trial . . . ." *Ibid.*

Our response to the Commonwealth here is similar to that in *Spaulding.* "[W]e have never held that rule 36 time does not

begin to run until the defendant first makes an objection. Such a holding would upset the balance of obligations envisioned by the rule . . . ." *Id.* at 506. Applying the balance of obligations envisioned by rule 36 to the facts of this case, the burden to object to the delay while the motion to dismiss was under advisement passed to the Commonwealth when the hearing regarding that motion concluded. Because it took no further action, the Commonwealth is able to exclude thirty days, pursuant to rule 36(b)(2)(A)(vii), but nothing more.

There are several ways the tolling of rule 36 time could have continued through the seventeen-month period during which the motion was under advisement. First, if the Commonwealth, as in *Lauria*, had met its burden to advance the case through the system and comply with rule 36, the time might have been tolled. See *Commonwealth* v. *Lauria*, 411 Mass. at 69-71. A failure by the defendant to object after the Commonwealth's inquiries may be deemed acquiescence justifying exclusion under rule 36(b)(2). See *id.* at 70-71. See also *Commonwealth* v. *Fling*, 67 Mass. App. Ct. at 235-236.

In the alternative, the tolling of rule 36 time could have continued if the judge had complied with Mass.R.Crim.P. 36(b)(2)(F)[6] by stating on the record "his reasons for finding that the ends of justice served by the granting of the continuance outweigh the best interests of the public and the defendant in a speedy trial." The judge can grant a continuance under this provision on his own motion or at the request of counsel. See rule 36(b)(2)(F).

A third scenario in which the tolling of rule 36 time would have continued is one in which the parties stipulated to a date on which the rule 36 clock was tolled. See *Commonwealth* v. *Lauria*, 411 Mass. at 66; *Commonwealth* v. *Spaulding*, 411 Mass. at 505.

Although the defendant's argument based on rule

---

[6]This provision also matches the interpretation of the Federal Act by the United States Court of Appeals for the First Circuit. In *United States* v. *Scott*, *supra* at 57, the First Circuit refused to adopt a rule that a court "may never exceed the time limits in the [Speedy Trial Act]." The court further noted that "explanations [of the delay] given before the clock runs out," *ibid.*, would be preferable.

36(b)(2)(A)(vii) was not raised below, the unwarranted delay caused by the judge's failure to dispose of the motion could not have been effectively remedied by the parties. As the court pointed out in *Barry* v. *Commonwealth*, 390 Mass. at 289-290, "we are in as good a position as the judge below to decide whether the time limited imposed by the rule have run." Compare *Commonwealth* v. *Moore*, 20 Mass. App. Ct. 1, 6 (1985).

*Conclusion.* Of the seventeen months that the motion to dismiss was under advisement, thirty days were excludable under rule 36(b)(2)(A)(vii). The remaining sixteen months exceed the twelve-month timetable set forth in rule 36. We need not consider the preceding periods, as the March 18, 2004, to August 30, 2005, period of delay determines the outcome of the case. The dismissal of the charge against the defendant was warranted.

> *Order granting motion to dismiss affirmed.*