## Commonwealth *vs.* Jon J. Bourdon.

No. 06-P-400.

Berkshire. February 7, 2008. - March 24, 2008.

Present: Grasso, Brown, & Cohen, JJ.

*Practice, Criminal,* Speedy trial.

A trial court judge erred in granting a criminal defendant's motion to dismiss, brought on the ground that the Commonwealth failed to bring the defendant to trial within one year of the date of his arraignment, as required by Mass. R.Crim.P. 36, where the Commonwealth, by demonstrating that the defendant either acquiesced in or failed to object to certain delays, met its burden of excluding sufficient days in the period prior to the filing of the defendant's rule 36 motion [423-426]; and where the record, as developed on appeal, disclosed that the defendant similarly failed to make more than informal and undocumented objections to the seventeen-month period between the filing of the motion and the judge's decision, a delay that otherwise would have required dismissal under the rule [426-429].

Complaint received and sworn to in the Northern Berkshire Division of the District Court Department on October 1, 2002.

A motion to dismiss was heard by *Robert F. Kumor, Jr.,* J., and a motion for reconsideration was heard by him.

After review by this court, 68 Mass. App. Ct. 526 (2007), an application for further appellate review was denied without prejudice in the Supreme Judicial Court, 449 Mass. 1109 (2007), and the matter was remanded for further proceedings before the Appeals Court.

*Joseph A. Pieropan*, Assistant District Attorney, for the Commonwealth.

*Adam P. Clermont* for the defendant.

Grasso, J. Before us again is the Commonwealth's appeal from the dismissal of criminal charges against the defendant for violation of Mass.R.Crim.P. 36, as amended, 422 Mass. 1503 (1996). In *Commonwealth* v. *Bourdon*, 68 Mass. App. Ct. 526,

528-529 (2007), we concluded that "[t]he seventeen-month period between the hearing on the defendant's rule 36 motion to dismiss and the judicial resolution of that motion included a sufficient number of nonexcludable days that the period of time violates rule 36 without the necessity of any computations concerning the period that preceded it." On review, the Supreme Judicial Court ruled that dismissal on that ground was error because the record regarding the seventeen-month period that the defendant's rule 36 motion was under advisement was insufficiently developed to permit resolution on that point. See *Commonwealth* v. *Bourdon*, 449 Mass. 1109 (2007). The court remanded the matter to us "for consideration of the remaining issues raised by the parties (concerning the period between the defendant's arraignment and the hearing on his motion to dismiss) and to afford the parties an opportunity, if they wish, to develop the record on the seventeen-month delay." *Ibid.* We now reverse the judgment of dismissal and remand the matter to the District Court.[1]

1. *The case chronology.* "When a claim is raised under rule 36, the docket and minutes of the clerk are prima facie evidence of the facts recorded therein." *Barry* v. *Commonwealth*, 390 Mass. 285, 289 (1983). The docket and clerk's minutes establish the following facts. On October 1, 2002, the defendant was arraigned in the North Adams Division of the District Court Department for operating a motor vehicle while under the influence of intoxicating liquor. The case was continued to November

[1]The unfortunate situation that now exists, where many years have passed without the case having been brought to trial, might well have been avoided. Rule 36 is a rule of case management that is wholly separate from a defendant's constitutional right to a speedy trial. See *Commonwealth* v. *Lauria*, 411 Mass. 63, 67 (1991). When confronted on the eve of trial with a rule 36 motion that might not be resolved easily or expeditiously, a judge might well consider whether reserving decision on the motion and ordering the case to trial is a more effective case management alternative. The vindication of the defendant's right to speedy trial will occur sooner, and should the defendant prevail at trial, the determination that he is not guilty will render the motion moot. Should the defendant be found guilty, his right to decision on his motion, and appellate review thereof, would be preserved. See *Commonwealth* v. *Sigman*, 41 Mass. App. Ct. 574, 574 (1996) (propriety of denial of rule 36 motion reviewable on direct appeal); *Commonwealth* v. *Fling*, 67 Mass. App. Ct. 232, 234 (2006) (propriety of denial of rule 36 motion sole issue on appeal from convictions).

13, 2002, for a pretrial conference and, on that date, continued further to December 6, 2002. On December 6, the defendant filed discovery motions, and the matter was continued to December 27, 2002, for hearing on those motions.

On December 27, the defendant's discovery motions were "allowed as written," and the case was continued to February 14, 2003, for review of discovery compliance and election of a trial date. On February 14, the matter was set down for a jury trial on September 17, 2003, but on March 28, the case was brought forward and continued to April 29 for filing of the pretrial conference report that remained unfiled. On April 29, 2003, the defendant was not present to sign the conference report and trial notice, but on May 9, 2003, the defendant appeared with counsel and signed the conference report and a notice of trial that set December 15, 2003, for trial and November 1 for review of discovery compliance.

From May 9 to October 31, 2003, the parties came before the court on multiple occasions in a dispute over the defendant's discovery requests, the Commonwealth's compliance with ordered discovery, and the defendant's request for sanctions. By October 8, 2003, the judge had ruled on all outstanding discovery disputes, and ordered further that a judge from outside Berkshire County should preside over the trial. A subsequent clarifying discovery order issued on November 5, 2003. On December 15, 2003, both parties appeared prepared for trial, but inclement weather prevented the specially-assigned judge from traveling to the North Adams court house.[2] Over the defendant's objection, the clerk-magistrate scheduled the case for trial on January 21, 2004.[3] Later that same day, the defendant moved for a speedy trial, and on December 22, 2003, that motion was allowed. Because the jury commissioner had ordered that no jurors would report during the holiday period from December 23, 2003, to January 4, 2004, the judge scheduled trial for January 5, 2004, in Pittsfield, the first available trial date anywhere in Berkshire

[2]Although we take note that Berkshire County district attorney Gerard D. Downing died unexpectedly early in the morning on that day, that unanticipated event has no direct bearing on the issue before us.

[3]This was the defendant's first objection to any continuance that is noted on the record.

County. The judge ordered the case transferred from North Adams to Pittsfield. See *Commonwealth* v. *Bourdon*, 68 Mass. at 528 n.3 (at North Adams court house, only one day per week devoted to trials). The defendant did not object at that time to transfer of the case to Pittsfield or to the scheduling of the trial date. On January 5, 2004, the day of the scheduled trial, the defendant moved to dismiss the case for want of territorial jurisdiction in Pittsfield. The judge denied the defendant's motion to dismiss but ordered the case returned to the North Adams District Court for trial on January 21, 2004.

On January 9, 2004, the defendant filed the rule 36 motion that forms the basis of this appeal. On January 16, the Commonwealth filed its opposition and the case was continued for hearing to January 21, 2004. The case was then continued for hearing on February 18, 2004, in Springfield, where the parties were directed to file memoranda. On March 18, 2004, the judge heard argument and took the matter under advisement. No decision issued until August 30, 2005, when the judge denied the defendant's motion for an evidentiary hearing and allowed his motion to dismiss for violation of rule 36.

The judge calculated that of the 472 days that had elapsed from the defendant's arraignment on October 1, 2002, until January 16, 2004 (the requested date for hearing on his motion to dismiss), 94 days were excludable and 378 were not excludable.[4] Concluding that the Commonwealth had failed to bring the defendant to trial within one year of his arraignment date, the judge ruled that dismissal of the complaint was required under rule 36(b).[5]

2. *The period from arraignment to filing.* From the day following the defendant's arraignment on October 1, 2002, to the

[4]The judge erroneously seized upon the date for hearing of the defendant's motion rather than the date of its filing as the operative event for rule 36 purposes. See *Commonwealth* v. *Spaulding*, 411 Mass. 503, 505 n.4 (1992) (filing of motion to dismiss tolls running of rule 36 time).

[5]The judge's decision was grounded entirely on the period of delay between the defendant's arraignment and the hearing on the motion to dismiss. See note 4, *supra.* Not until the first appeal in this court did the defendant advance the alternative ground that the case was properly dismissed under rule 36 because his motion to dismiss was under advisement for seventeen months from March 18, 2004, to August 30, 2005. See *Commonwealth* v. *Bourdon*, 68 Mass. App. Ct. at 528.

filing of his rule 36 motion on January 9, 2004, a period of 465 days elapsed.[6] Because that period exceeds the twelve-month requirement by 100 days, the defendant made out a prima facie case of a rule 36(b) violation. See *Commonwealth* v. *Fleenor*, 39 Mass. App. Ct. 25, 27 (1995). To overcome that prima facie showing, the Commonwealth had the burden of justifying a delay of at least 100 days beyond the one-year period allowed by the rule. See *Commonwealth* v. *Wysocki*, 28 Mass. App. Ct. 45, 46 (1989). "The delay may be excused by a showing that it falls within one of the '[e]xcluded [p]eriods' provided in rule 36(b)(2), or by a showing that the defendant acquiesced in, was responsible for, or benefited from the delay." *Commonwealth* v. *Spaulding*, 411 Mass. 503, 504 (1992).

Having examined the docket and the clerk's minutes carefully, we are satisfied that the Commonwealth met its burden of excluding sufficient days prior to the filing of the defendant's rule 36 motion. See *Barry* v. *Commonwealth*, 390 Mass. at 289 (appellate court is "in as good a position as the judge below to determine whether the time limits imposed by the rule have run"). The Commonwealth met this burden, at minimum, because the docket and clerk's minutes demonstrate that on May 9, 2003, the defendant appeared with counsel, signed the pretrial conference report, and agreed to a continuance of the previously scheduled trial date from September 13 to December 15, 2003. "[T]o meet its burden, the Commonwealth does not have to demonstrate that the defendant assented, on the record, to the various continuances of the trial dates." *Commonwealth* v. *Fleenor*, 39 Mass. App. Ct. at 27. Rather, the obligation is on defense counsel to object to delay. *Barry* v. *Commonwealth*, 390 Mass. at 296 n.13. See *Commonwealth* v. *Dias*, 405 Mass. 131, 139 (1989) (defense counsel required to object to delay). "Lack of an objection to a continuance of a scheduled trial date shows that the defendant has acquiesced in the delay." *Commonwealth* v. *Fleenor, supra* at 27. See *Commonwealth* v. *Spaulding*, 411 Mass. at 505 (mere failure to object to all delays in progress of case is not determinative).

---

[6]We note that the twelve-month period began to run on October 2, 2002, which was the day after the event which caused this "period of time to begin to run." Mass.R.Crim.P. 36(b)(3). See *Barry* v. *Commonwealth*, 390 Mass. at 291-292.

Having consistently acquiesced in, and failed to object to, the December 15, 2003, trial date during the period from May 9, 2003, and thereafter, the defendant is not in a position to claim that the ensuing 219 days are not excludable under the rule.[7] See *Barry* v. *Commonwealth*, 390 Mass. at 298 n.16 (when "defendant does not enter an objection" to delay, he may "be deemed to have acquiesced in the delay"). See also *Commonwealth* v. *Marable*, 427 Mass. 504, 508 (1998) ("This is particularly true in the smaller counties [such as Berkshire]"). Here, as in *Marable*, the defendant failed to object to delay in bringing his case to trial until December 15, 2003, a date when the assigned judge was understandably unavailable because of inclement weather. Moreover, when in response to the defendant's speedy trial motion the judge attempted to accommodate that request by scheduling trial on the next date available for jurors in Berkshire County, the defendant voiced no contemporaneous objection to the case being heard in Pittsfield and waited until the day of that scheduled trial to object to its venue. Where the periods that are properly excludable from rule 36 substantially exceed the necessary 101 days, the judge erred in granting the defendant's motion to dismiss alleging a violation of rule 36(b)(2).[8]

It cannot be gainsaid that a defendant must object to periods

---

[7]Having concluded that the defendant's acquiescence in scheduling of the trial alone renders sufficient days excludable to provide a comfortable margin of compliance, we need not detail other available excludable periods owing to resolution of the defendant's discovery motions, his failure to appear for pretrial conference on certain dates, his initial acquiescence to the transfer of the case to Pittsfield, and its retransfer to North Adams. See Mass.R.Crim.P. 36(b)(2)(A)(v), (vi); Mass.R.Crim.P. 36(b)(2)(B), (F).

Nor need we detail the precise number of days that may be includable owing to the Commonwealth's delays in providing discovery. Even were we to count favorably to the defendant and deem not excludable a period of fifty-three days from July 1, 2003, to August 22, 2003, on account of the Commonwealth's incorrect identification of certain discovery information to the defendant, the defendant would not prevail.

[8]At no time did the judge conclude that dismissal of the complaint was warranted under rule 36(c) because the conduct of the prosecuting attorney was unreasonably lacking in diligence and resulted in prejudice to the defendant. Nor would the record have supported such a conclusion. Notwithstanding the defendant's characterization of the Commonwealth's alleged failings in complying with various discovery orders, the judge declined to impose a sanction on the Commonwealth for incorrectly identifying and failing to produce a train-

of delay in order to claim later that such delays were objected to and should inure to his benefit under rule 36(b). "A defendant cannot sit by passively, but must make sure than an objection to a specific continuance is timely noted." *Commonwealth* v. *Fling*, 67 Mass. App. Ct. 232, 236 (2006). To avoid the ambiguities that often ensue, such objections should be noted in the contemporaneous docket or minutes of the session clerk or filed in the form of a written objection. See *Commonwealth* v. *Fleenor*, 39 Mass. App. Ct. at 28 n.4 ("In order to insure that an objection is noted, it should be made on the record or counsel should file a written objection, with a copy to the Commonwealth"). Such formalized objection also serves the vital purpose of notifying both the prosecutor and the court that attendant delays may not be excluded from the operation of the rule. That prevailing "local practices" do not encourage the making or the memorialization of objections to continuances does not avail in determining whether there is a rule 36 violation. *Ibid.*

We are not unmindful that a practitioner who appears frequently before a particular judge in a smaller court and asserts his client's right to a speedy trial may find himself in a delicate position when it is the court's crowded calendar that contributes to the delay. We are confident, however, that when properly apprised of rule 36 concerns, judges will take the steps necessary to honor a defendant's rule 36 rights and fulfil the court's corresponding obligations. See *Commonwealth* v. *Marable*, 427 Mass. at 505-506 (nothing in rule 36 excludes periods of time when court, by its own practice, does not sit for criminal sessions, or when overcrowding or endemic logistical problems prevent compliance with rule).

3. *The seventeen-month delay in decision.* After taking the defendant's rule 36 motion under advisement on March 18,

ing manual used by the arresting officer.

Passing over whether the manual utilized by that officer during her training in 1998 at the Agawam Regional Police Academy is exculpatory evidence in the "possession, custody or control of the prosecutor," we note that nothing in that discovery dispute resulted in a delay in the defendant's preparedness for the scheduled December 15 trial. Moreover, the prosecutor's conduct in bringing the defendant to that trial date neither lacked diligence nor was shown to have prejudiced the defendant so as to warrant dismissal under rule 36(c). See *Commonwealth* v. *Sigman*, 41 Mass. App. Ct. at 577-580.

2004, the judge did not render a decision until August 30, 2005.[9] In our previous consideration of the Commonwealth's appeal, the defendant contended, and we agreed, that regardless of whether rule 36 was violated earlier, such delay in rendering a decision required dismissal because only thirty days of under-advisement time was excludable. See Mass.R.Crim.P 36(b)(2)(A)(vii) (excluding from computation "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement"). See also *Commonwealth* v. *Bourdon*, 68 Mass. App. Ct. at 528-529.

The Supreme Judicial Court concluded that such a ruling could not stand because, as it then stood, "the record . . . [was] not sufficiently developed to permit resolution on that point; specifically, factual questions remain about what steps, if any, the parties took to meet their respective obligations regarding that period of delay. See *Commonwealth* v. *Lauria*, 411 Mass. 63, 68-71 (1991)." *Commonwealth* v. *Bourdon*, 449 Mass. at 1109. The court also indicated that the parties were to be afforded "an opportunity, if they wish, to develop the record on the seventeen-month delay." *Ibid.*

In the supplemental record now before us, the parties have included a statement of agreed facts, allowed and accepted by the District Court judge, that outlines what the prosecutor and defense counsel did between the time the judge took the matter under advisement and the time he rendered a decision.[10] See *Commonwealth* v. *Spaulding*, 411 Mass. at 507 n.9 (docket

---

[9]The period from the filing of the defendant's rule 36 motion on January 9, 2004, to the date of hearing on March 18, 2004, is excluded by rule 36(b)(2)(A)(v).

[10]Specifically, "[f]rom April 1, 2004[,] until August 30, 2005, [defense counsel] contacted the Northern Berkshire District Court Clerk Magistrate on at least three occasions per month and inquired about the status of the [d]efendant's [m]otion and objected to further delay."

As regards the prosecutor, the "[a]ssistant [d]istrict [a]ttorney . . . has a specific memory of contacting the Northern Berkshire District Court Clerk Magistrate on at least three occasions, at six-month intervals, while the Court had the matter under advisement. [She] has a general memory of inquiring of the status of the motion with the Clerk on a monthly basis during the 17-month period when the motion was pending, and that her inquiries were more frequent between March and August of 2005. The Commonwealth did not notify the [d]efendant or his [a]ttorney of its attempts to bring the pending

entries may be supplemented or rebutted by other evidence); *Commonwealth* v. *Rodgers*, 448 Mass. 538, 540 (2007). This supplemental filing discloses that defense counsel's inquiries and objections (and those of the prosecutor to the extent relevant) suffer from the same fundamental deficiency previously discussed. All the "contacts" made, and objections registered, by defense counsel, and all but the last contact from the Commonwealth, were not placed on the record, filed with the court, or even sent directly to the judge. Similarly, all the contacts (save the last from the Commonwealth) were ex parte inquiries that did not involve notice to the other side.

"[R]ule 36 places certain obligations on all parties involved, including the prosecution, the court, and defendants." *Commonwealth* v. *Lauria*, 411 Mass. at 68. The trial courts' responsibility is to "control their own dockets so that criminal cases are brought to trial within the time periods specified by rule 36." *Id.* at 70. See *Commonwealth* v. *Marable*, 427 Mass. at 506. The district attorney bears primary responsibility for setting a trial date. See *Barry* v. *Commonwealth*, 390 Mass. at 296 n.13. Defendants bear the obligation to object to delay, *ibid.*, and a responsibility "to press their case through the criminal justice system." *Id.* at 297. See *Commonwealth* v. *Lauria, supra* at 68. "If the rule is read to relieve defendants of the obligation to press their case through the criminal justice system, the public interest often will be thwarted by those defense counsel who decide that delay is the best defense tactic." *Barry* v. *Commonwealth, supra* at 296-297.

Where obligations to inquire and object exist, defense counsel must do more than inquire and register the defendant's objection over the back fence. Such casual steps do not suffice. See *Commonwealth* v. *Lauria*, 411 Mass. at 69. Here, defense counsel's informal and undocumented contacts and objections to delay in the decision on the defendant's motion were palpably inadequate to sound a rule 36 "crisis call" to the judge and to satisfy the defendant's obligations under the rule. See *ibid.*

[m]otion to [d]ismiss to the Court's attention or to obtain a ruling on the [m]otion until August 23, 2005, at which time it provided [defense counsel] with a copy of a letter it sent to the Northern Berkshire District Court requesting the Court to contact [the judge] regarding his decision."

(three letters from prosecutor to judge reminding that he had defendant's motions under advisement, without informing him of date of argument, amount of time elapsed without decision, or problem with rule 36 insufficient to relieve defense counsel of burden to press case). We do not suggest that the prosecutor's letter to the judge was either timely or sufficiently specific to alert the judge to the rule 36 problem. However, these failings alone do not require that the seventeen-month period during which the motion was under advisement count against the Commonwealth. Even had the prosecutor done nothing here, the primary obligation was on the defendant to inquire into the status of *his* motions. *Ibid.* As in *Commonwealth* v. *Lauria,* "[i]t is illogical to say that the Commonwealth should end up much the worse for doing something about the problem when it probably could have prevailed had the assistant district attorney chosen to do nothing." *Ibid.*

We do not condone the lengthy period in which the motion remained under advisement. Nevertheless, we are without basis for ascertaining the reason for the delay, or whether the judge was even aware that he had yet to rule on the motion. So long as judges are required to move on circuit between different counties, and "they, and the clerk's offices handling criminal business, have to deal with overwhelming caseloads without adequate staff or resources, there inevitably will be delay caused by the sort of problem that occurred . . . ." *Id.* at 70. Where the solution to the problem is within the control of defense counsel, as this one was, it is reasonable to expect him to proceed diligently to correct it and to impose upon him the primary obligation to inquire into the status of *his* motions and to call the matter to the attention of the court, the judge, and the prosecutor in more than a casual way. See *ibid.*

The judgment of dismissal is reversed and the matter is remanded to the District Court.

*So ordered.*