NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-171

COMMONWEALTH

vs.

BRYAN J. CORLEY.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant's trial before a judge of the District Court was held on August 20, 2021, 921 days after he was arraigned on various charges including assault and battery on a police officer, operating a motor vehicle while under the influence, third offense, and negligent operation of a motor vehicle. The defendant was convicted of operating a motor vehicle while under the influence of alcohol, third offense, and acquitted of the remaining charges.[1] His sole claim of error on appeal concerns an alleged violation of his right to a speedy trial under Mass. R. Crim. P. 36 (b), 378 Mass. 909 (1979) (rule 36).[2] Because we

_____

[1] Two additional charges of operating a motor vehicle with a suspended license and resisting arrest were dismissed at the request of the Commonwealth.

[2] The defendant does not claim a violation of his rights to a speedy trial under the United States and Massachusetts Constitutions. We therefore confine our analysis to rule 36.

conclude that the Commonwealth can justify the delays in excess of the one-year limit prescribed by the rule, we affirm the judgment of conviction.

Background.  The underlying facts are not relevant to the issue presented on appeal.[3]  It suffices to note that on the evening of February 10, 2019, an officer of the Westford police department stopped the defendant's vehicle after observing the defendant driving erratically.  The defendant appeared to be under the influence of alcohol.  He stumbled, his eyes were bloodshot, an odor of alcohol was noticeable, and he admitted that he had consumed four beers.  The defendant was arrested and, as previously noted, he was charged with various offenses and arraigned the following day on February 11, 2019.

On June 3, 2020, the defendant filed a motion entitled "Motion to Dismiss For Failure To Prosecute" in which he claimed a violation of his right to a speedy trial under rule 36.  On July 29, 2020, the "motion to dismiss under R 36 [was] denied."

Discussion.  Rule 36 is a "[case] management tool, designed to assist the trial courts in administering their dockets.  It also 'creates a means through which [criminal] defendants who desire a speedy trial can secure one.'  Under rule 36, 'a criminal defendant who is not brought to trial within one year

---

[3] There is no transcript of the trial.  We have summarized the facts as stated by the parties in their briefs.

2

of the date of arraignment is presumptively entitled to dismissal of the charges unless the Commonwealth justifies the delay.  Dismissal under rule 36 is with prejudice" (citations omitted).  Commonwealth v. Dirico, 480 Mass. 491, 497 (2018).

Here, the defendant has established a prima facie violation of rule 36, because 921 days elapsed between his arraignment and the date on which his trial commenced.  The burden therefore shifts to the Commonwealth to justify the delay.  Dirico, 480 Mass. at 497.  "The delay may be excused by a showing that it falls within one of the '[e]xcluded [p]eriods', provided in rule 36 (b) (2), or by a showing that the defendant acquiesced in, was responsible for, or benefitted from the delay." Commonwealth v. Davis, 91 Mass. App. Ct. 631, 631-632 (2017), quoting Commonwealth v. Spaulding, 411 Mass. 503, 504 (1992). "A failure to object to a continuance or other delay constitutes acquiescence."  Davis, supra at 632, quoting Commonwealth v. Tanner, 417 Mass. 1, 3 (1994).

The defendant concedes that the twenty-one-day period between July 25, 2019, and August 15, 2019, should be excluded based on his request for a continuance.  He also concedes that the 526-day period between March 13, 2020, and August 20, 2021, is excluded pursuant to the Supreme Judicial Court's order

3

suspending all jury trials due to the COVID-19 pandemic.[4]  Thus, according to the defendant's calculation, 374 nonexcludable days remain, thereby requiring the Commonwealth to justify a delay of nine days.

The Commonwealth argues that an additional seventy-eight days are properly excluded from the rule 36 calculation.  The Commonwealth first points to a fifteen-day period of delay from August 15, 2019, to August 30, 2019, which resulted from its request to continue a hearing on the defendant's motion to dismiss for failure to issue a citation and claims that this period is excludable because the defendant did not object. Next, the Commonwealth claims that the sixty-three-day period between January 10, 2020, and March 12, 2020, is excludable due to the defendant's filing of a motion to suppress and the subsequent waiving of an objection under rule 36 by the trial judge.  Lastly, the Commonwealth argues that the thirty-day period between October 10, 2019, and November 8, 2019, is excludable because the trial judge had taken the defendant's motion to dismiss for failure to issue a citation under advisement.[5]  For the reasons discussed below, we agree with the

---

[4] See Fifth Updated Order Regarding Court Operations Under the Exigent Circumstances Created By the COVID-19 (Coronavirus) Pandemic, No. OE-144 (Mar. 1, 2021).

[5] Commendably, the prosecutor withdrew this claim at oral argument.

Commonwealth that the fifteen-day period of delay between August 15, 2019, and August 30, 2019, is properly excluded under rule 36. Given our conclusion, we need not address the Commonwealth's additional arguments.

The defendant filed a motion to dismiss on July 31, 2019. A hearing on the motion was held on August 15, 2019. At the hearing, the Commonwealth asked for a continuance, which was granted, and the hearing was rescheduled to September 13, 2019, with no objection. Thereafter, the parties appeared in court on August 30, 2019, at which time the Commonwealth requested an additional continuance to October 10, 2019. The defendant objected to this additional delay and now argues that his objection should be applied retroactively to August 15, 2019, the day the Commonwealth first requested a continuance. We are not persuaded. "A defendant cannot sit by passively, but must make sure that an objection to a specific continuance is timely noted." Commonwealth v. Fling, 67 Mass. App. Ct. 232, 236 (2006). Here, the defendant failed to object at the hearing held on August 15. This failure constituted acquiescence for which the defendant is accountable. We need not go any further. The Commonwealth is required to justify a delay of nine days, and because we conclude that fifteen days are properly excluded

5

from the rule 36 analysis, the defendant's rule 36 motion to dismiss was properly denied.

                                    Judgment affirmed.

                                    By the Court (Vuono, Singh &
                                       Englander, JJ.[6]),

                                    *Joseph F. Stanton*

                                    Clerk.

Entered:  November 3, 2023.

---

[6] The panelists are listed in order of seniority.