COMMONWEALTH *vs.* MICHAEL LAURIA
(and eleven companion cases[1] ).

Middlesex. May 8, 1991. - August 27, 1991.

Present: LIACOS, C.J., WILKINS, ABRAMS, O'CONNOR, & GREANEY, JJ.

*Practice, Criminal,* Speedy trial.

Although criminal defendants had not been brought to trial within twelve
months as required by Mass. R. Crim. P. 36, they were not entitled to
have the indictments against them dismissed, where the judge who
heard their motions to dismiss the indictments was warranted in finding
that the defendants, by their failure at least to express their dissatisfac-
tion with the continuing delay or to indicate that they might be incur-
ring prejudice as a result of it, had acquiesced in the delay for a period
exceeding the number of days which the Commonwealth was required
to justify under the rule, and that they benefited in a discernible way
from the discovery of a witness who might assist their cases. [67-72]

INDICTMENTS found and returned in the Superior Court
Department on March 1, 1988.

Motions to dismiss were heard by *Paul A. Chernoff,* J.,
and a question of law was reported by him to the Appeals
Court. After review by the Appeals Court, the Supreme Ju-
dicial Court granted leave to obtain further review.

*Joseph James Balliro, Jr.,* for Michael Lauria.

*John R. Campbell* for Edward Long.

*William F. Bloomer,* Assistant District Attorney, for the
Commonwealth.

*Albert C. Bielitz, Jr.,* for Michael Joyce, joined in a brief.

GREANEY, J. On March 1, 1988, a Middlesex County
grand jury indicted the defendants, Michael Lauria, Edward
Long, and Michael Joyce on charges of aggravated rape, kid-

---

[1]Four against Edward Long, four against Michael Joyce, and three
against Michael Lauria.

napping, assault by means of a dangerous weapon, and indecent assault and battery. On December 12, 1989, the defendants filed motions to dismiss the indictments on the ground that they had not been brought to trial within twelve months of their arraignments as required by Mass. R. Crim. P. 36 (b) (1), 378 Mass. 909 (1979).[2] The motions were denied by a judge of the Superior Court (motion judge) who reported, in substance, the correctness of his decision to the Appeals Court. See Mass. R. Crim. P. 34, 378 Mass. 905 (1979). That court concluded that the motions had been improperly denied, and that all charges against each defendant should have been dismissed. *Commonwealth* v. *Lauria,* 29 Mass. App. Ct. 542 (1990). We granted the Commonwealth's application for further appellate review and now conclude that the motion judge correctly denied the defendants' motions to dismiss.

The Commonwealth alleges that the three defendants offered the complainant and her male companion a ride in their automobile on February 14, 1988. Thereafter, the defendants allegedly ejected the male companion from the vehicle by force, confined the complainant within the vehicle, raped her, and then later attempted to run her down with the vehicle. The defendants were identified by both the complainant and her male companion at the police station. Lauria was arraigned on March 8, 1988. Long and Joyce were arraigned on March 22, 1988. All three defendants were released on bail and have been at liberty throughout these proceedings.

---

[2]Rule 36 of the Massachusetts Rules of Criminal Procedure, 378 Mass. 909 (1979), states in pertinent part, "A defendant, except as provided by subdivision (d) (3) of this rule, shall be brought to trial within the following time periods, as extended by subdivision (b)(2) of this rule: . . . during the third and all successive such twelve-month periods [after the effective date of the rule], a defendant shall be tried within twelve months after the return day in the court in which the case is awaiting trial. . . . If a defendant is not brought to trial within the time limits of this subdivision, as extended by subdivision (b)(2), he shall be entitled upon motion to a dismissal of the charges." The return day is the date of arraignment. See Mass. R. Crim. P. 2 (b) (15), 378 Mass. 844 (1979).

The procedural history of the cases, as set forth by the motion judge, is as follows. At the pretrial conference on April 12, 1988, a motion hearing date of May 18, 1988, was scheduled. On May 6, 1988, Lauria filed twenty-three motions including a motion to suppress and a motion to dismiss. On May 12, 1988, Long also filed a motion to suppress. Joyce did not file any motions to suppress or dismiss, although he did file other motions. On May 18, 1988, nonevidentiary motions were heard and the cases were continued. Defense counsel made no objection to the continuance. On July 12, 1988, the cases were continued until August 25, 1988, again without objection. On August 25, 1988, Joyce moved to join in the codefendants' motions to suppress. That motion was denied. On October 4, 1988, Joyce filed a motion to file a late suppression motion.

At the end of August, 1988, the session judge (judge), who had been dealing with the motions in the case, was transferred to the Suffolk Superior Court, where, the motion judge found, "he was immersed in the responsibilities of the first criminal session and the evening Charles Street Jail cap for approximately nine months." For a portion of this time, the case file could not be located. The motion judge found that, during this period, none "of the three defendants made any attempt to expedite the case nor did they complain about the delay." The cases were reassigned to another assistant district attorney in October, 1988. On January 24, May 10, and July 7, 1989, this assistant district attorney sent letters to the judge, with copies to all defense counsel, advising the judge that the defendants' motions to suppress and at least one other motion were still under advisement. The letters requested that the assistant district attorney be notified by the judge's clerk (at a telephone number specified in the letters) of any decision on the motions.[3]

---

[3] A letter in the record dated July 19, 1989, indicates that the assistant district attorney provided the judge with copies of the pending motions, accompanying affidavits and memoranda, and a transcript of the hearing on the pending motions. The Appeals Court opinion indicates that the reconstructed record was provided at the judge's request after "an intense

On August 15, 1989, the judge filed written decisions denying the motions to suppress and other pending motions. In September of 1989, defense counsel informed the judge that they would be filing rule 36 motions to dismiss, and on September 28, 1989, rule 36 was tolled by agreement. On that day, additional expenses requested by the defendants for investigation were authorized, and a date of December 13, 1989, was set to hear the rule 36 motions. The motions were heard and thereafter denied and the cases were reported to the Appeals Court.

Because the defendants were not brought to trial within one year of the date of their arraignments, they are presumptively entitled to have the charges against them dismissed under rule 36 unless it is shown that the delay is justified by time periods specifically excludable under rule 36 or by other sufficient reason. See *Barry* v. *Commonwealth*, 390 Mass. 285, 291-294 (1983). After the deduction of periods of time that are to be specifically excluded under the rule, there is disagreement over the remaining number of days that need to be accounted for.[4] The motion judge concluded that far in excess of the remaining number of days was fairly excludable from rule 36 requirements.

In his written memorandum of decision on Joyce's motion to dismiss,[5] the motion judge found "no indication that defense counsel made any effort whatsoever to press resolution of the pending motions or the case in general. In other words, it would appear that one or more defense counsel in the present case[s] felt it tactically advantageous not to press for motions resolution and trial. If this were the case, the public

and unsuccessful hunt for the missing court papers relating to the undecided motions." 29 Mass. App. Ct. at 545.

[4]The Appeals Court, 29 Mass. App. Ct. at 545, found forty-three days as to each defendant, the motion judge found thirty-seven days (in the case of Lauria) and twenty-four days (in the case of Joyce), and the Commonwealth argues for a calculation of eighteen days as to each defendant. It is common ground that the Commonwealth is over the specified rule 36 period by some short number of days.

[5]Similar memoranda of decision were prepared and filed by the motion judge in connection with the rule 36 motions of Lauria and Long.

interest would not be served by dismissing the present action."

In addition, the motion judge found that the defendants appear to have benefited from the delay. As to this consideration, the motion judge stated that "[i]t has been represented to this court that a key witness who was in the automobile with the defendants and the [complainant] before the alleged rape took place has now been located. This witness, it is said, will be helpful for the defense. Thus, it is difficult to assert that the defendant[s have] been prejudiced by delay."

The motion judge further found that the defendants apparently were not prepared for trial. He found that "[a]s late as December 16, 1988, during a lobby conference with the session judge held at Suffolk County Superior Court, defense counsel filed a number of motions, including discovery motions and a motion to fund additional investigator's fees. It has been represented to this court that the funds were needed in order to locate a key witness who was believed to be outside the Commonwealth. Accordingly, it cannot be argued that the defendant[s were] prepared for trial during this period or for some time following this, further supporting this court's conclusion that the defendant[s] not only acquiesced but actually may have benefited from much of the period of delay." The motion judge then concluded his decision as follows: "In summary, it is the finding of this court that the excludable days exceed the days the Commonwealth needed to justify. There is no injustice to the defendant[s] and the public interest will be served by bringing the defendant[s] to trial to answer the charges against [them]." We agree with the motion judge's analysis.[6]

We note at the outset that rule 36, entitled "Case Management," is just that, a rule of case management. It is wholly separate from the defendants' constitutional right to a speedy trial.[7] As we indicated in *Barry*, *supra* at 295-296,

---

[6]As a consequence, we need not decide the exact number of days for which the Commonwealth need account.

[7]The defendants do not argue that any constitutional right to a speedy trial under the Federal or State Constitution has been violated.

rule 36 is primarily designed to assist in the administration of trial court dockets. In addition to periods of time specifically excluded by the rule, periods during which a defendant acquiesced in, is responsible for, or benefited from delay are also not counted. Reporters' Notes to Mass. R. Crim. P. 36, Mass. Ann. Laws, Rules of Criminal Procedure at 527 (1979). *Barry, supra* at 295. *Commonwealth* v. *Farris*, 390 Mass. 300, 305 (1983). *Commonwealth* v. *Wysocki*, 28 Mass. App. Ct. 45, 48 (1989).

We have also indicated that rule 36 places certain obligations on all parties involved, including the prosecution, the court, and defendants. *Barry, supra* at 296. We have specifically emphasized the obligation of defense counsel to object to delay. *Id.* at 296 n.13. See *Commonwealth* v. *Dias*, 405 Mass. 131, 139 (1989) (defense counsel is required to object to delay). We have pointed out that defendants have a responsibility to "press their case through the criminal justice system." *Barry, supra* at 297. "If the rule is read to relieve defendants of the obligation to press their case through the criminal justice system, the public interest often will be thwarted by those defense counsel who decide' that delay is the best defense tactic." *Id.* at 296-297. See *Commonwealth* v. *McDonald*, 21 Mass. App. Ct. 368, 373 (1986). We have also noted that dismissal will not be appropriate if a defendant is at least partially responsible for delay, *Barry, supra* at 297, particularly when the defendant has acquired some benefit as the result of the passage of time.

Consistent with these principles, when a defendant has not entered an objection to delay, he may be deemed to have acquiesced in the passage of time. *Farris, supra* at 305, and cases cited. Similarly, in appropriate circumstances, a disinterested attitude by a defendant in the progress of his case can permit a finding of acquiescence. These principles underpin the motion judge's analysis and, in our view, warranted his primary conclusion that the defendants had not sufficiently asserted their claim to a speedy trial so as to mandate dismissal of serious charges in derogation of the public interest.

The defendants, nevertheless, argue that, because the as-
sistant district attorney alerted the judge that motions were
outstanding, it would have been redundant for them to object
to the delay or do anything further to expedite the decision
of their motions. In view of the obligation imposed on de-
fense counsel to "press [the] case through the . . . system,"
we are not persuaded that the three letters sent by the assis-
tant district attorney should operate to relieve defense coun-
sel entirely of their burden. The prosecutor's letters merely
reminded the judge that he still had the defendants' motions
under advisement. None of the letters informed the judge of
the date when the motions were argued, the amount of time
that had elapsed without a decision, or that a problem might
occur with rule 36 timetables. The letters reached the judge
after he had left the session in Middlesex County where he
had heard the defendants' motions, and while he was en-
gaged in Suffolk County with the business of the first crimi-
nal session and the difficult problems associated with jail
overcrowding.

The cursory nature of the assistant district attorney's let-
ters, representing polite reminders rather than a crisis call,
could not have furnished the defendants assurance that their
rule 36 rights were being fully protected. Further, as the Ap-
peals Court noted, once the cases had become inactive, had
the prosecution done nothing, the defendants would have
been required to inquire as to the status of the pending mo-
tions. 29 Mass. App. Ct. at 549. In such a situation, the de-
fendants clearly could be found to have acquiesced in the de-
lay. It is illogical to say that the Commonwealth should end
up much the worse for doing something about the problem
when it probably could have prevailed had the assistant dis-
trict attorney chosen to do nothing.

We do not think that the Commonwealth should be penal-
ized for its diligence in making inquiries into the status of
the *defendants'* motions. Nor do we think that the public in-
terest in the final resolution of serious criminal charges, or
the rights of the complainant to seek justice, should be frus-
trated by a rigid application of rule 36 where the prosecution

has behaved responsibly and the defendants have chosen to remain passive. In so stating, we are mindful that the courts must also control their own dockets so that criminal cases are brought to trial within the time periods specified by rule 36. In the current state of the system, however, where some Superior Court judges are required to move on circuit between populous counties (as this judge was), and where they, and the clerk's offices handling criminal business, have to deal with overwhelming caseloads without adequate staff or resources, there inevitably will be delay caused by the sort of problem that occurred here. In our view, it is reasonable, if the solution to the problem is within the control of counsel, as this one was, to expect counsel to proceed diligently to correct it. In deciding a rule 36 motion in such circumstances, it would be proper to assess counsel's respective degrees of interest and activity in assisting the court to provide a speedy trial. And with specific reference to the court's duty, we note that, in response to the assistant district attorney's letters, "intense" efforts were made to locate the missing court papers and, when they could not be found, to reconstruct the file. See note 3, *supra*. It cannot be said, therefore, that the court was unresponsive or that a deaf ear was turned to reminders that the pretrial work on these cases needed to be completed.

There obviously should be no per se rule that delay caused by court papers being misplaced always counts against the Commonwealth and in favor of the defendant. What needs to be done is a careful analysis of how each of the parties with obligations to help manage the case under rule 36 dealt with, or responded to, the problem causing the delay. We conclude that, after the Commonwealth had persistently sought to move the cases along, and the court endeavored to find, and then with the aid of the prosecution reconstruct the file, the defendants, consistent with their rule 36 obligations, were at least required to express their dissatisfaction with the continuing delay or indicate that they might be incurring prejudice as a result of it, and, by not doing so, could warrantably be

found by the motion judge to have tacitly agreed to the delay.

The motion judge also concluded that the defendants appear to have benefited from the delay. The motion judge found that "[i]t has been represented to the court that a key witness who was in the automobile with the defendants and the [complainant] before the alleged rape took place has now been located. This witness, it is said, will be helpful for the defense."[8] We consider these statements as representing findings of fact and accord them deference. While the record is not entirely clear, it seems to indicate that the missing defense witness was located some time after the defendants sought and obtained additional fees for investigation. In this respect, the defendants benefited in a discernible way from the discovery of a witness who might assist their cases. The motion judge was warranted in concluding that the delay helped the defendants, and he permissibly applied that consideration in the denial of the rule 36 motions.

The Appeals Court relied on what it described as "analogous" Federal cases in reaching its decision. 29 Mass. App. Ct. at 550. We stated in *Barry, supra* at 290 n.9, and we reiterate today, that the reliance upon the reasoning of Federal cases should be undertaken with caution. The Federal Speedy Trial Act and rule 36 are different in that the Federal act establishes a much shorter time period for dismissal, and it does not require that an indictment be dismissed with prejudice. The Federal cases cited by the Appeals Court are unpersuasive in that, when those dismissals took place, the government was free to reindict the defendants immediately after the dismissals, on the same charges. See *United States* v. *Miranda,* 835 F.2d 830, 834-835 (11th Cir. 1988) (indictment dismissed without prejudice); *United States* v. *Bufalino,* 683 F.2d 639, 646 (2d Cir. 1982), cert. denied, 459 U.S. 1104 (1983) (no dismissal where defendant did not let position on motion to sequester be known); *United States* v.

---

[8]The defendants admit in their joint brief that this witness is "key," and that his testimony is "important" to the defense.

*Regilio*, 669 F.2d 1169, 1172-1173 (7th Cir. 1981), cert. denied, 457 U.S. 1133 (1982) (the interests of justice required that the indictments not be dismissed where defendant stood silent until the government requested a ruling on the motions); *United States* v. *Carreon*, 626 F.2d 528, 534 (7th Cir. 1980) (dismissed without prejudice where defendant failed to assert speedy trial rights or otherwise move to expedite case).

In sum, we conclude that the motion judge was warranted in finding that the defendants, by their inaction, had acquiesced in the delay, and that they appeared to have benefited from it. In reaching his decision, the motion judge also properly considered the interests of the public in the prosecution of criminal offenses for the protection of society. In the circumstances, he did not err in denying the defendants' rule 36 motions.

> *Orders denying motions to dismiss affirmed.*