NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

15-P-1088                                      Appeals Court

COMMONWEALTH  vs.  NASAHN DAVIS.

No. 15-P-1088.

Suffolk.     September 12, 2016. - June 2, 2017.

Present:  Agnes, Neyman, & Henry, JJ.

Practice, Criminal, Speedy trial, Dismissal.

Complaint received and sworn to in the Roxbury Division of
the Boston Municipal Court Department on March 16, 2012.

After transfer to the Central Division of the Boston
Municipal Court Department, a motion to dismiss was heard by
Robert J. McKenna, J.

Matthew T. Sears, Assistant District Attorney (Lindsey E.
Weinstein, Assistant District Attorney, also present) for the
Commonwealth.
Patrick Levin, Committee for Public Counsel Services, for
the defendant.

HENRY, J.  Seven hundred and forty-two days after Nasahn

Davis was arraigned in the Boston Municipal Court on charges of

carrying a firearm without a license in violation of G. L.

c. 269, § 10(a), he filed a motion to dismiss under

Mass.R.Crim.P. 36(b), 378 Mass. 909 (1979). That rule provides that a criminal defendant who is not brought to trial within twelve months of the "return day," here the arraignment, "is presumptively entitled to dismissal of the charges unless the Commonwealth justifies the delay." Commonwealth v. Spaulding, 411 Mass. 503, 504 (1992). "The delay may be excused by a showing that it falls within one of the '[e]xcluded [p]eriods' provided in rule 36 (b) (2), or by a showing that the defendant acquiesced in, was responsible for, or benefited from the delay." Ibid. Accord Barry v. Commonwealth, 390 Mass. 285, 292, 298 n.17 (1983). "A failure to object to a continuance or other delay constitutes acquiescence." Commonwealth v. Tanner, 417 Mass. 1, 3 (1994).

The defendant's motion to dismiss was allowed; on appeal, the Commonwealth contends that only eighty-one of the 742 days since arraignment are includable in the rule 36 calculation, contending, among other things, that 268 days of delay attributable to court congestion when both sides were ready for trial must be excluded. We conclude that delays attributable to court congestion -- if the defendant objects -- are not excludable from the rule 36 calculation, unless the judge makes the necessary findings under rule 36(b)(2)(F). Because the Commonwealth cannot justify the delays in excess of the 365-day

limit, we affirm the order allowing the defendant's motion to dismiss.

Discussion. The parties agree that the number of days that elapsed between the defendant's arraignment on March 19, 2012, and the date on which he filed his motion to dismiss, March 31, 2014, is 742 days.[1] Subtracting twelve months (365 days) from this total, as well as the 218 days the parties agree are excluded from the calculation,[2] leaves 159 days for which the Commonwealth must justify a delay.[3]

We first consider delays due to court congestion and then address the remaining contested periods of delay in chronological order. "To a large extent, we are in as good a position as the judge below to decide whether the time limits

---

[1] The motion judge mistakenly calculated a total of 744 elapsed days by including March 7, 2013, twice and by counting March 31, 2014, the date the defendant filed his motion to dismiss.

[2] The defendant correctly concedes that the following dates were properly excluded:  March 19, 2012; April 18 to July 30, 2012 (104 days); August 6 to November 15, 2012 (102 days); December 12, 2012; March 7, 2013; May 13, 2013; June 18, 2013; September 18, 2013; October 1, 2013; October 30 to November 1, 2013 (three days); and January 22, 2014.  The defendant also acknowledges that May 8, 2013, should have been excluded as a day in court.  See rule 36(b)(3) ("In computing any time limit other than an excluded day, the day of the act or event which causes a designated period of time to begin shall not be included").

[3] Initially, the defendant was in custody.  At some point, he was released with a condition of global positioning system (GPS) monitoring.

imposed by the rule have run." Barry, 390 Mass. at 289. "This is so because '[w]hen a claim is raised under rule 36, the docket and minutes of the clerk are prima facie evidence of the facts recorded therein.' The other portions of the record are also documents which we can evaluate as well as the judge below. 'In these circumstances, while we will give deference to the determination made by the judge below, we may reach our own conclusions.'"[4] Commonwealth v. Farris, 390 Mass. 300, 303-304 (1983), quoting from Barry, supra at 289-290.

1. Court congestion-related delays. Four of the continuances contributing to the delay of the defendant's trial, accounting for 268 days, are attributable to what the parties agree was court congestion. The occasion of each of these four delays was a lack of any or a sufficient number of jurors, but the length of the delays was also due at least in part to the court's calendar constraints. These delays include the periods from June 19 to September 17, 2013;[5] October 2 to October 29,

_____

[4] We may not be in as good a position as the session judge or motion judge who makes findings under rule 36(b)(2)(F). To those findings, we will give deference. See Barry, 390 Mass. at 289-290. See also Commonwealth v. Taylor, 469 Mass. 516, 517, 525 (2014) (reviewing determination that delays worked to defendant's advantage for abuse of discretion).

[5] The case was marked first case out for trial on June 18, 2013. Both parties were ready for trial that day. The judge announced, "And Counsel, we don't have the availability for jury trial." The case could not be tried the next day or later that week because of either a lack of judges or jurors. The

2013;[6] November 2, 2013, to January 21, 2014;[7] and January 23 to

March 30, 2014.[8]  The defendant objected to each of these delays

_____

defendant objected to the continuance and asked for the next
available trial date, August 26, but the judge required a date
in September.  The trial was set for September 18, 2013, and was
again marked as the first case out.  The judge described the
delay as "due to Court congestion."

[6] On October 1, 2013, the judge announced that the court had
only sixteen jurors and another case had priority; the judge did
not think they could empanel with only eight remaining jurors.
The Commonwealth raised a concern about "getting a lengthy
history on the trial dates."  The defendant also objected to the
continuance.  The judge noted that both parties had all
witnesses present and marked the case for trial on October 30,
2013, as the first case out.  The judge stated that the basis
for the continuance was "not court congestion.  It's just
unavailability of jurors -- enough jurors for the day."  The
distinction is not meaningful.  The Supreme Judicial Court has
treated "court congestion" and lack of available judges or
jurors together as a "lack of available court resources" and has
required a defendant to object if he wants to preserve his rule
36 rights.  Commonwealth v. Denehy, 466 Mass. 723, 731 & n.12
(2014).  Here, the defendant explicitly objected to the
continuance.

[7] The parties began empanelling a jury on October 31, 2013,
using a venire from which another case already had been
empanelled, and seated five jurors.  On November 1, 2013, both
parties were ready for trial.  The defendant, who is African-
American, moved to dismiss the seated jurors, arguing that "[i]t
did not appear that there were any African-Americans in the
venire yesterday" or in the alternative to work through the
venire in reverse number order so the parties would not be
selecting among the remainder from the other trial.  The judge
denied the motions.  The judge noted that twenty-four jurors
were available for all trials and asked the court personnel
responsible for the venire to send up twelve.  Instead, all the
jurors were sent to the Juvenile Court.  The previously seated
jurors were kept waiting all morning.  As it became clear that
the trial was going to commence, and therefore end, later than
expected, two of the five seated jurors raised scheduling
conflicts.  Nineteen jurors returned from Juvenile Court and the
judge decided to dismiss the seated jurors and restart jury

and the motion judge found that these 268 days are attributable to the Commonwealth. See Commonwealth v. Denehy, 466 Mass. 723, 731-732 (2014) (in order to include delay in rule 36 calculation, defendant must object, even where objection is futile because delay is due to court congestion). Indeed, the Supreme Judicial Court has repeatedly stated that "normally court congestion is not a sufficient justification for the denial of the right to a speedy trial." Spaulding, 411 Mass. at 507. See Commonwealth v. Beckett, 373 Mass. 329, 332 (1977) ("[C]ourt congestion is not the responsibility of the defendant and must be weighed against the Commonwealth in assessing the reasons for the delay. But the weight to be given to such a cause for delay is not so heavy as a deliberate prosecutorial

selection. The judge dismissed the seated jurors, not because of the defendant's motion but because of the need to release the two jurors with scheduling conflicts and the judge's decision to then also release the three who had been forced to wait idly by. The Commonwealth objected to dismissing the jurors and attempted to push the case forward. After noting its objection to dismissing the jurors, the Commonwealth deferred to the judge's inclination "to allow for continuance to a new date based upon the fact that there's court congestion, hardship, inability to impanel." The defendant pressed to go forward, to continue empanelling and start trial that day. The Commonwealth raised its concern that it could not complete its first witness that day and the witness was not available the next court day. The judge then continued the case. The case was marked first out for trial eighty-one days later, on January 22, 2014.

[8] Due to a snow emergency, there were no jurors on January 22, 2014. The defendant objected to a continuance. Both counsel indicated availability the next day or another day. The judge set the matter for trial on April 9, 2014.

attempt to delay a trial"); Commonwealth v. Conefrey, 410 Mass. 1, 4-5 (1991) ("As a general proposition, court congestion by itself will not constitute an adequate justification for the denial of the right to a speedy trial. . . . However, reasons of court congestion may be adequate to excuse delay when . . . a defendant has agreed to a continuance based on congestion, rendering him at least partially responsible for the delay").[9]

Nonetheless, the Commonwealth argues that it should not be penalized for the delays because the Commonwealth was ready for trial on the dates in question and was not at fault for the delays. See Commonwealth v. Lauria, 411 Mass. 63, 69-70 (1991); Reporter's Notes to Rule 36, Massachusetts Rules of Court, Rules of Criminal Procedure, at 210 (Thomson Reuters 2017) ("[T]he Commonwealth should not be penalized . . . when the cause[s] for delay are beyond its control"). In fact, the defendant forthrightly concedes that the prosecution did all it could to press the case forward.[10]

---

[9] Although rule 36 is a case management tool separate from the constitutional right to a speedy trial, we note that the United States Supreme Court has also favored weighing court congestion against the government. See Barker v. Wingo, 407 U.S. 514, 531 (1972) ("[delays resulting from] overcrowded courts . . . should be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant").

[10] We also appreciate that the Commonwealth has candidly noted in its brief the occasions where the defendant objected, even if the objection was not reflected on the docket sheet.

The Commonwealth relies primarily on three cases in arguing that the congestion delays should not be included in the rule 36 calculation. However, these cases are factually distinguishable, as they involve defendants who acquiesced to continuances.

In Lauria, the defendants' cases were delayed for a significant period of time due to a misplaced case file. Lauria, 411 Mass. at 65. During this delay, only the prosecutor attempted to advance the case by submitting letters notifying the judge and the parties that motions were still pending before the court. Id. at 65-67. The Supreme Judicial Court declined to adopt a per se rule that delay caused by misplaced court papers always counts against the Commonwealth. Id. at 70. Rather, the court held that the defendants' rule 36 motions were properly denied because "a disinterested attitude by a defendant in the progress of his case can permit a finding of acquiescence." Id. at 68. Here, the Commonwealth does not argue, nor is there evidence to suggest, that this defendant demonstrated disinterest in the progress of his case. The defendant repeatedly objected to delays attributable to court congestion, and persisted in attempting to advance his case.

The second case on which the Commonwealth relies, Spaulding, essentially held that the Commonwealth may justify a delay because of court congestion if the defendant has agreed to

the continuance.  Spaulding, 411 Mass. at 507.  Significantly, the court noted in Spaulding that "normally court congestion is not a sufficient justification for the denial of the right to a speedy trial."  Ibid.  The court made an exception "when . . . a defendant has agreed to a continuance based on congestion, rendering him at least partially responsible for the delay."  Ibid., quoting from Conefrey, 410 Mass. at 5.  Here, the defendant noted his objection at each delay occasioned by court congestion and cannot be said to have agreed to the continuances.

Finally, in Denehy, the Supreme Judicial Court determined that because there was no evidence that the defendant had raised an objection to the court-imposed continuances, including continuances caused by court congestion, he should be deemed to have acquiesced to them, as the court did not "wish to penalize unnecessarily the Commonwealth for delays to which it may object as well."  Denehy, 466 Mass. at 732.  The Commonwealth argues that the motion judge misread Denehy to hold that because the defendant objected to the court congestion delays, the time must be attributed to the Commonwealth.  While we agree with the principle that the Commonwealth should not be unfairly penalized for delay when it also was ready for trial, this does not end the inquiry where, as here, the defendant zealously guarded his right to a speedy trial.  We do not hold that all congestion-

related delays to which a defendant objects will necessarily be counted against the Commonwealth in all circumstances; rather, where the defendant objects to the delay and did not cause, acquiesce to, or benefit from the delay, rule 36 constrains the Commonwealth to justify the delay under an exception to rule 36 in order for the time to be excluded from the rule 36 calculation.

Rule 36, titled "Case Management," is "designed to assist the trial courts in administering their dockets." Reporter's Notes to Rule 36, supra at 209. The rule provides a means for defendants and the public to secure speedy trials and promotes "the public interest in the efficient operation of the criminal justice system." Barry, 390 Mass. at 296. "The goal of providing defendants with speedy trials can be obtained only if the rule is interpreted to place certain obligations on all parties, including prosecutors, the trial courts, and defendants." Ibid. "[W]e are mindful that the courts must also control their own dockets so that criminal cases are brought to trial within the time periods specified by rule 36." Lauria, 411 Mass. at 70. And we understand that our trial courts sometimes "deal with overwhelming caseloads without adequate staff or resources." Ibid.

The eight enumerated exceptions in rule 36(b)(2) are meant to ensure that the Commonwealth is not unfairly charged with

delays that, if included, "would upset the balance of obligations envisioned by the rule." Spaulding, 411 Mass. at 506. Rule 36(b)(2) provides that the following periods of time "shall be excluded" in computing the running of the rule 36 clock:

> "(F) Any period of delay resulting from a continuance granted by a judge on his own motion or at the request of the defendant or his counsel or at the request of the prosecutor, if the judge granted the continuance on the basis of his findings that the ends of justice served by taking such action outweighed the best interests of the public and the defendant in a speedy trial. No period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subdivision unless the judge sets forth in the record of the case, either orally or in writing, his reasons for finding that the ends of justice served by the granting of the continuance outweigh the best interests of the public and the defendant in a speedy trial."

Court congestion is not a new occurrence, and resulting delays are includable in the rule 36 calculation unless the judge makes the required findings or the defendant acquiesced in, was responsible for, or benefited from the delay.

While no judge expressly invoked rule 36(b)(2)(F) in continuing this case, the Commonwealth argues that for every delay due to court congestion, the judge who ordered the continuance implicitly invoked that exception by setting forth sufficient facts on the record to explain the continuance.[11] We

---

[11] Such findings need not be explicit, but may be implied from the record. See, e.g., Beckett, 373 Mass. at 332-333 (alleged constitutional violation). The better practice is to

disagree. In each instance of court congestion, the judge explained that there were no jurors or an inadequate number of jurors, and why. We conclude that the rule requires more or it would be meaningless. See Barry, 390 Mass. at 297-298 (rule 36[b][2][F] "excludes delay resulting from the granting of continuances only if the judge finds the continuance to be in the interest of justice" and "therefore, seeks to encourage the exercise of oversight by the court over the progress of criminal prosecutions"). The courts as well as the parties play a key role in case management. None of the findings made in conjunction with the numerous continuances in this case satisfied the requirements of rule 36(b)(2)(F).

If we were to hold that delays due to court congestion could be excluded from the rule 36 calculation even where the defendant objects and makes all effort to push the case forward, the rule would quickly lose its power. This case is a prime example. Here, over two years had passed without trial, including 268 days (nearly seventy-five percent of one year) that both parties agree were attributable to court congestion.

---

expressly make a rule 36(b)(2)(F) finding. Compare Commonwealth v. Loftis, 361 Mass. 545, 549-550 (1972) (alleged violation of G. L. c. 277, § 72A, as then in effect). The Commonwealth can and should request an express finding to ensure that any rule 36 speedy trial concern is addressed; here, the Commonwealth did not do so at any of the pretrial hearings.

On this record, these 268 days are included in the rule 36 calculation.

We note that, with regard to the period November 2, 2013, to January 21, 2014 (see note 7, supra), the Commonwealth argues that the defendant benefited from the delay because discharging the five empanelled jurors and starting selection anew was "going to give the [d]efendant what the [d]efendant wanted, . . . another chance at another jury." However, the defendant was willing to continue empanelment that day and objected to continuing the case. The motion judge found that the defendant's objection to this delay was "in no way subverted by" his prior "motion to dismiss the jurors due to racial representation in the jury pool." We agree, particularly because the "benefit" was tied to restarting the jury selection process, not to the continuance. In fact, the defendant would have received the same "benefit" whether there was no continuance at all, a continuance of one day, or of hundreds of days. Moreover, a claim of benefit cannot override an express objection. See Commonwealth v. Rodgers, 448 Mass. 538, 547 (2007) ("When rule 36 rights are being expressly asserted, we will not second-guess the defendant's strategic choice and conclude that he was really better off for having endured the objected-to delay").

2.  Other delays.  a.  July 31, 2012, to August 5, 2012 (totaling six days).  The motion judge included these six days in the rule 36 calculation.  The period at issue here occurred between the scheduling of the initial trial date and the date the defendant filed his application seeking leave to file an interlocutory appeal.[12]  On July 30, 2012, the case was set for an initial trial date thirty-six days later, on September 5, 2012.  In agreeing to this trial date, the defendant waived "the thirty day rule," which provides that "[w]hile the defendant remains committed, no adjournment shall exceed thirty days at any one time against the objection of the defendant."  G. L. c. 276, § 35, as amended through St. 1996, c. 211.  The Commonwealth argues that the defendant's waiver of the thirty day rule means the defendant acquiesced in the entire delay from July 31, 2012, to the scheduled trial date of September 5, 2012.  We conclude that the defendant may be said to have acquiesced in only the delay beyond the thirty days.

Acquiescence implies a watching of the ticking clock. Absent some extraordinary circumstance, which is not apparent on the record here, there is no reason to characterize the defendant as having acquiesced in the setting of his first trial date.  Rather, this period is a feature of ordinary trial

---

[12] The defendant applied to a single justice of the Supreme Judicial Court for leave to file an interlocutory appeal from the trial court's denial of his motion to suppress.

management realities encountered by judges and trial attorneys. See Commonwealth v. Montgomery, 76 Mass. App. Ct. 500, 505 (2010) ("Absent a trial date having been set in the first instance, there is no basis upon which this court can conclude that the defendant acquiesced in a delay of that date. . . . To conclude otherwise would foist upon the defendant the government's obligation to set a trial date").[13] These six days are included in the rule 36 calculation.

b. November 16, 2012, to December 11, 2012 (totaling twenty-six days). These twenty-six days encompass the period between November 15, 2012, when the trial court received notice of the denial of the defendant's application to file an interlocutory appeal, and a status hearing on December 12, 2012. The motion judge included these twenty-six days for the reason that "the Commonwealth changed a scheduled trial date to a status date, over the objection of the defendant."

The backdrop to these contested dates is as follows. On September 5, 2012, the original trial date, the case was

---

[13] Put another way, had the initial trial date been set as August 29, 2012, the rule 36 clock would have been ticking from July 31 to August 29. The rule 36 clock should not stop entirely when the initial trial date is set more than thirty days later for an incarcerated defendant. See Rodgers, 448 Mass. at 541 (where defendant agreed to due date for pretrial motions more than seven days beyond filing of pretrial conference report, delays in excess of those seven days were excluded from speedy trial calculation due to defendant's acquiescence).

continued for trial to October 3, 2012, with no objection from the defendant. On September 26, 2012, over the defendant's objection, the case was scheduled for a status hearing on October 30, 2012, due to the pending status of the defendant's application for leave to file an interlocutory appeal. The defendant objected, requesting that the case be set for trial on that date. On October 30, 2012, the defendant sought "a further status date" of November 28, 2012, because his application to the single justice had yet to be decided. While it is true that the defendant objected to a status date for October 30, 2012, the further continuance of the case was a result of his own request for a continuance.

After receipt of the order of the single justice on November 15, 2012, denying him permission to file an interlocutory appeal, the defendant was in court to review bail on November 16 and 19, 2012. The record is silent as to what happened on these dates. On November 21, 2012, the next date the defendant was in court, his counsel requested a trial date, but the prosecutor was not present or available to set a trial date. The Commonwealth bears the burden of justifying the delay. It, too, could have moved for a trial date as soon as the single justice ruled on the defendant's application, but does not seem to have done so, and did not rebut defense

counsel's affidavit on this point.[14]  We thus conclude that the defendant acquiesced to the delay between November 16 and 21; this acquiescence commenced with the defendant's request for a continuance to November 28, but ended before that date, on November 21, when he moved to advance the case to trial after the single justice ruled on his application for leave to file an interlocutory appeal.  These six days are excluded.  Once the defendant requested a trial date, his acquiescence ended and, accordingly, the period November 22 to December 11, 2012, twenty days, is included in the calculation.

c.  December 13, 2012, to March 6, 2013 (totaling eighty-four days).  This period occurred between the December 12, 2012, status hearing and a hearing on March 7, 2013.  Based on the docket sheet and clerk's notes, there is no evidence that the defendant objected to the rescheduling of the trial date on December 12, 2012.  Consequently, these eighty-four days are excluded from the rule 36 calculation.

d.  April 29, 2013, to May 12, 2013 (totaling thirteen days, excluding May 8).  Apart from May 8, 2013, which the defendant concedes should have been excluded as a day in court,

---

[14] In assessing whether a record correction is needed, docket entries may be "supplemented, or even rebutted, by other evidence," including affidavits.  Commonwealth v. Mattos, 404 Mass. 672, 676-677 (1989).

see note 2, supra, the remaining thirteen days of this period were properly included by the motion judge.

On April 29, 2013, the defendant filed a notice of intent to rely on an exemption defense.[15] Citing rule 36(b)(2)(A)(v), the Commonwealth contends that the period between this date and May 13, 2013,[16] should be excluded from the calculation because the defendant's notice triggered the Commonwealth's pretrial motion for reciprocal discovery. However, a notice of defense is not a pretrial motion and does not require a response; therefore, these thirteen days cannot be excluded under rule 36. These thirteen days are included.

e. May 14, 2013, to June 17, 2013 (totaling thirty-five days). On May 13, 2013, both sides were ready for trial and once again there was a lack of jurors. Because the defendant acquiesced by failing to object to the continuance, these days were excluded from the rule 36 calculation by the motion judge. We agree with the motion judge's conclusion that this period falls within an established exception to rule 36. See Denehy, 466 Mass. at 731-732. These thirty-five days are excluded.

---

[15] Pursuant to G. L. c. 140, § 121, the defendant planned to argue that the firearm was an antique replica, and thus exempt from the statute's licensing requirements.

[16] On May 13, both parties appeared, ready for trial. The judge continued the case to June 18, 2013, due to a lack of jurors. See part 2.e, infra.

f.  September 19, 2013, to September 30, 2013 (totaling twelve days).  This period was similarly excluded by the motion judge because an essential witness was unavailable.[17]  We agree with the motion judge's conclusion.  See rule 36(b)(2)(B) (excluding "[a]ny period of delay resulting from the absence or unavailability of the defendant or an essential witness").  These twelve days are excluded.

Conclusion.  After excluding from the computation all the time that rule 36 and the case law contemplate should be the responsibility of the defendant, the Commonwealth has justified the exclusion of 137 days over and above the 218 days the defendant agrees should be excluded, and is at least twenty-two days short of the number of days it is required to excuse.  In other words, for rule 36 purposes, 387 days had elapsed since the return day.[18]  Therefore, the motion judge did not err in

---

[17] The defendant argues that the Commonwealth's witness was not "unavailable" because the witness "was home with an ill child."  A witness is unavailable under rule 36(b)(2)(B) "whenever his whereabouts are known but his presence for trial cannot be obtained by due diligence or he resists appearing at or being returned for trial."  We conclude that this period falls squarely within the exception and these days were properly excluded.

[18] We note that an additional period has elapsed on the rule 36 clock beyond what the parties have briefed.  The defendant's rule 36 motion was argued in the trial court on April 16, 2014, and, at the motion judge's request, the parties submitted a very helpful joint rule 36 timeline on April 22, 2014.  The motion judge allowed the defendant's motion to dismiss on May 30, 2014.

allowing the defendant's motion to dismiss under Mass.R.Crim.P. 36(b).  Accordingly, we affirm the order allowing the motion to dismiss.

So ordered.

---

Under rule 36, a "period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement" is excluded from the calculation.  Mass.R.Crim.P. 36(b)(2)(A)(vii).  See Commonwealth v. Roman, 470 Mass. 85, 94 (2014).  Under this rule, even calculating from the date of the joint submission on April 22 rather than the date the motion was argued, after May 21, the rule 36 clock started running again.

NEYMAN, J. (concurring).  This case presents the question whether delays attributable to court congestion and juror unavailability may be held against the Commonwealth under Mass.R.Crim.P. 36(b), 378 Mass. 909 (1979), where, as the majority aptly states, "[T]he prosecution did all it could to press the case forward."  See ante at   .  The majority concludes that the answer is "yes," because the defendant consistently objected to the relevant trial continuances, "zealously guarded his right to a speedy trial," and did not acquiesce in the relevant delays.  See ante at   .  Massachusetts case law appears to compel this result.  See Commonwealth v. Conefrey, 410 Mass. 1, 4-5 (1991); Commonwealth v. Lauria, 411 Mass. 63, 70-71 (1991); Commonwealth v. Denehy, 466 Mass. 723, 732 (2014).  Compare Commonwealth v. Beckett, 373 Mass. 329, 332 (1977) (noting, in context of constitutional speedy trial analysis, that "court congestion is not the responsibility of the defendant and must be weighed against the Commonwealth in assessing the reasons for the delay").  Apart from confirming the general rule that court congestion by itself will not excuse delay in a rule 36 analysis, each of the above-cited cases required the presence of an additional element in order to excuse the delay:  acquiescence, passivity, or lack of an objection on the part of a defendant.  None of those elements

exists in the present case.  Accordingly, I concur in the result.  I write separately, however, to address two concerns.

First, under the facts of the present case, strict application of rule 36 case law places an unfair burden on the executive branch to resolve an issue not of its making.  By all accounts, the prosecution was repeatedly ready for trial and attempted to prioritize the trial date.[1]  Precluding prosecution of the case in these circumstances unnecessarily penalizes the Commonwealth, contrary to the intent of rule 36.  See Denehy, 466 Mass. at 732 ("Nor do we wish to penalize unnecessarily the Commonwealth for delays to which it may object as well"); Reporter's Notes to Rule 36, Massachusetts Rules of Court, Rules of Criminal Procedure, at 210 (Thomson Reuters 2017) ("[T]he Commonwealth should not be penalized . . . when the causes for delay are beyond its control").  The remedy of dismissal in such circumstances seemingly impedes a fundamental executive function, see art. 30 of the Massachusetts Declaration of Rights, and raises public safety concerns.  See Lauria, 411 Mass. at 72 (noting proper consideration of "the interests of the public in the prosecution of criminal offenses for the protection of society" in making rule 36 determinations).

---

[1] There is no dispute, and the appellate record demonstrates, that the prosecution attempted to push this matter to trial.  The Commonwealth was not at fault for any relevant delays and was ready for trial on the dates at issue.

Second, although the record demonstrates that the defendant benefited from the continuance from November 2, 2013, to January 21, 2014,[2] consideration of this fact appears to be foreclosed because the defendant objected to the continuance.  Under the general rule, a delay may be excused from the rule 36 calculus by a showing that a defendant "benefited from the delay." Commonwealth v. Spaulding, 411 Mass. 503, 504 (1992).  However, application of the "benefit analysis" has been limited to cases in which a defendant acquiesced to the delay.  See Commonwealth v. Rodgers, 448 Mass. 538, 547 (2007) ("While benefit to a defendant can justify delay where the record does not indicate express agreement to or acquiescence in a particular period of delay, we are unaware of any case where, notwithstanding the defendant's express objection to further delay . . . we have

---

[2] On October 31, 2013, during jury empanelment, the defendant objected to the racial composition of the jury venire. The following day, the defendant filed a motion seeking additional peremptory challenges and a motion to dismiss the jury venire, both on the basis of the racial composition issue, and renewed the objection to proceeding before a nonrepresentative jury.  The judge initially denied the motion. After multiple issues arose and the difficulty in seating additional jurors became apparent, the judge noted that "the defense has been asking for a new jury in this matter," and ultimately allowed the motion to dismiss the venire for several reasons, including concerns with witness availability and lack of juror availability.  The judge also stated, inter alia, "It's going to give the [d]efendant what the [d]efendant wanted, is another chance at another jury."  The judge continued the case to January 22, 2014, over the defendant's objection.

excluded the time period because of 'benefit' to the defendant").

Here, the defendant objected on consecutive days to the composition of the jury venire, moved to dismiss the venire, and moved for additional peremptory challenges. When the judge dismissed the jury venire, regardless of the reasons therefor, the defendant received the precise benefit that he sought: the case would not be tried before what he considered a nonrepresentative jury.[3] Because the defendant objected to the continuance, however, this delay does not constitute "excluded time" under existing precedent.[4] In my view, a balancing of public safety interests and the executive's right to prosecute, weighed against a defendant's rule 36 rights, would be preferable to a blanket rule that a defendant's objection to a continuance invariably trumps consideration of the benefit to a defendant under rule 36. However, it is not for this court to determine whether the present case, or other circumstances,

---

[3] Although the defendant derived a benefit from the delay, the eighty-one day continuance was not prudent in view of the age of the case.

[4] Where the defendant claimed on consecutive days that the composition of the jury venire deprived him of a fair trial and moved to dismiss the venire, he cannot claim that the benefit of the continuance was a "hindsight claim." See Rodgers, 448 Mass. at 547 ("Hindsight claims that a defendant benefited from delay should not override his express statement that he does not agree to such delay").

warrant an exception to the rule stated in Rodgers, supra at 547.