David Hernandez appeals from his convictions on charges of possession with intent to distribute heroin, possession with intent to distribute cocaine, possession with intent to distribute crack cocaine, and resisting arrest.[2] Hernandez argues that his case should have been dismissed pursuant to Mass.R.Crim.P. 36, 378 Mass. 909 (1979), that his motion to suppress should have been allowed, and that the trial judge improperly limited cross-examination of the chemist who tested the suspected drugs found in his possession. We affirm the convictions.
Background. We summarize the relevant facts as they properly could have been found by the jury, reserving certain factual and procedural details for the discussion below. See Commonwealth v. Charles, 456 Mass. 378, 379 (2010). On the night of March 25, 2011, Officer Michael O'Connell of the Lynn police department and his partner responded to an apartment building in Lynn to investigate a "hang-up" 911 telephone call. While standing in the vestibule of the building, O'Connell saw, through a windowed but locked inner door, what he believed to be a drug transaction occurring in the common hallway inside. He shouldered the door open and announced that police were present. Hernandez then ran into the nearby apartment (apartment 1), while holding a knotted plastic baggie, or "twist," containing a powdery substance and bringing his hand to his mouth.[3] The officers pursued, and, after a struggle, subdued Hernandez and placed him under arrest. O'Connell then searched Hernandez and found five twists of a rock-like substance, four of a brown powdery substance, and one of a white powdery substance.[4]
Hernandez was arraigned on March 29, 2011. The substances in the twists recovered from Hernandez were tested for the presence of narcotics at the William A. Hinton State Laboratory Institute (Hinton drug lab) in the Jamaica Plain section of Boston on July 11, 2011. A little more than one year later, on August 30, 2012, the Hinton drug lab was closed due to revelations regarding the misconduct of chemist Annie Dookhan. See Commonwealth v. Gardner, 467 Mass. 363, 363-364 & n.1 (2014).
Dookhan notarized the certificates of drug analysis (drug certificates) in Hernandez's case. She was not otherwise involved in the testing. One of her coworkers, Daniela Frasca, was the primary forensic chemist on Hernandez's case. A second coworker, Della Saunders, was the confirmatory chemist. The substances tested positive for cocaine and heroin.
Discussion. 1. Speedy trial. Pursuant to Mass.R.Crim.P. 36, defendants who are not brought to trial within twelve months of the date of their arraignments "are presumptively entitled to have the charges against them dismissed ... unless it is shown that the delay is justified by time periods specifically excludable under rule 36 or by other sufficient reason."[5] Commonwealth v. Lauria, 411 Mass. 63, 66 (1991). "[O]ther sufficient reason[s]" include "periods during which a defendant acquiesced in, is responsible for, or benefited from delay." Id. at 68. Commonwealth v. Williams, 475 Mass. 705, 715 (2016). "The burden is on the Commonwealth to demonstrate that a particular period or periods should be excluded from the calculation." Commonwealth v. Rodgers, 448 Mass. 538, 540 (2007).
Where, as here, the judge deciding a rule 36 motion has not taken testimony, "we are in as good a position as the judge below to decide whether the time limits imposed by the rule have run." Barry v. Commonwealth, 390 Mass. 285, 289 (1983). See Commonwealth v. Weed, 82 Mass. App. Ct. 123, 124 (2012). "[W]hile we will give deference to the determination made by the judge below, we may reach our own conclusions." Barry, 390 Mass. at 290. The Commonwealth concedes that 184 days are included in the rule 36 calculation.[6] Hernandez makes two arguments regarding additional time which, if charged to the Commonwealth, would bring the tally of included days above 366.[7]
a. Hearing on motion to suppress. First, Hernandez argues that a delay in hearing his motion to suppress should be charged to the Commonwealth. We disagree. The motion to suppress was filed on June 23, 2011. The hearing on that motion commenced on November 22, 2011, and was completed on March 12, 2012, when the judge took the motion under advisement.[8] Rule 36(b)(2)(A)(v) states expressly that "delay resulting from hearings on pretrial motions" is "excluded in computing the time within which the trial of any offense must commence." The Reporter's Notes state: "The excludable period under this subdivision is intended to run from the date on which the request for hearing on the pretrial motion is filed, or, if no such request is filed, from the date the hearing is ordered, until the conclusion of the hearing." Reporter's Notes to Rule 36, Massachusetts Rules of Court, Rules of Criminal Procedure, at 211 (Thompson Reuters 2017). See Commonwealth v. McDonald, 21 Mass. App. Ct. 368, 371 (1986).
Accordingly, the default rule is that the period between the date that the hearing on the motion was ordered and the date that the hearing was concluded is excluded from the rule 36 calculation. Hernandez argues for an exception to the rule because the Commonwealth was not ready to proceed with the hearing on the afternoon of November 22, 2011, or on other dates prior to March 12, 2012. The record, however, does not reflect this. Instead, it shows merely that, when the judge sought to continue the hearing after the lunch break on November 22, 2011, the prosecutor reported that he could not do so because he had a conflict. This is not a situation like that described in Commonwealth v. Amidon, 428 Mass. 1005, 1009 (1998), where one defendant repeatedly tried to schedule a hearing on a motion to suppress but was unable to do so because the Commonwealth failed to cooperate. Moreover, "[o]ur precedent firmly establishes that a defendant must object to a continuance to include the resulting delay in a rule 36 calculation." Commonwealth v. Denehy, 466 Mass. 723, 731 (2014). Accordingly, the time between November 22, 2011, and March 12, 2012, is excluded from the rule 36 calculation.
b. Discovery delay. Next, Hernandez argues that a lengthy delay while he sought discovery should be charged to the Commonwealth because the discovery was prompted by the unfolding Dookhan scandal.
Hernandez first sought the discovery by filing a motion for exculpatory evidence on December 10, 2012, asking whether either of the testing chemists had been suspended or had any sanctions imposed on them. The motion was allowed, and, after contacting Frasca during a court recess, the prosecutor reported that Frasca and Saunders had been placed on administrative leave with pay, but had not been sanctioned or suspended. Hernandez then filed a second request for exculpatory evidence that day, seeking the chemists' personnel files.
A continuance followed, with no objection noted. When the parties were back in court on January 17, 2013, the Commonwealth took the position that additional information responsive to Hernandez's requests was not in its possession or control for purposes of Mass.R.Crim.P. 14(a)(1)(A), as amended, 444 Mass. 1501 (2005), and that a subpoena issued pursuant to Mass.R.Crim.P. 17(a)(2), 378 Mass. 886 (1979), would be required to obtain the information. See Commonwealth v. Wanis, 426 Mass. 639, 643-644 (1998).
On March 27, 2013, Hernandez filed a motion seeking issuance of subpoenas for: (i) Frasca's employment file; (ii) administrative guidelines, procedures, or protocols describing the handling and testing of evidence for controlled substances at the Hinton drug lab; and (iii) "all such guidelines regarding the process, procedures, rights and appeals of employees during investigative procedures when misconduct is alleged." The motion was not allowed until July 1, 2013, when a special assistant attorney general appeared at the hearing and discussed compliance with the subpoenas and possible redaction of documents.
The parties made additional appearances in the case on August 12, October 21, and December 6, 2013,[9] without production of the responsive documents. No objections to delay are noted on the docket during this time.
On January 23, 2014, a judge in the Lynn District Court ordered the case transferred to the time standards session in the Peabody District Court, for an appearance on February 25, 2014. The transferring judge directed in his order that the thirty-two days between January 23 and February 25, 2014, would be charged to the Commonwealth.[10] On February 25, 2014, a judge in the Peabody session dismissed the case due to lack of compliance with the motion for subpoenas. The next day, the prosecutor learned that the responsive documents had been received by the clerk's office on December 4, 2013, but had erroneously been placed in the file of another case being handled by Hernandez's attorney.[11] On March 19, 2014, the Commonwealth filed a motion for reconsideration. That motion was allowed on April 29 and the case was restored to the court's docket, with a motion session scheduled for June 16 and trial scheduled for July 9, 2014.
The defendant argues that all of the time between December 10, 2012, and the trial date of July 9, 2014, should be included in the rule 36 calculation. In the alternative, he argues that the time between the allowance of the rule 17 motion on July 1, 2013, and the trial date should be included.[12]
Hernandez does not argue that the discovery he sought in the motions filed on December 10, 2012, and March 28, 2013, was mandatory pursuant to Mass.R.Crim.P. 14(a)(1). Where a defendant seeks discretionary discovery pursuant to Mass.R.Crim.P. 14(a)(2), 378 Mass. 874 (1979), it remains "the established principle that discovery motions filed by a defendant automatically toll the speedy trial clock." Commonwealth v. Taylor, 469 Mass. 516, 527 (2014).
Even assuming that the discovery Hernandez sought was mandatory (because it was exculpatory and should have been considered within the control of the prosecutor), Hernandez never brought a motion to compel or a motion for sanctions until he filed his motion to dismiss on February 25, 2014.[13] Accordingly, as in Taylor, the defendant "did not take adequate steps to preserve his rule 36 rights" during the time his discovery requests were pending. Id. at 524. See ibr.US_Case_Law.Schema.Case_Body:v1">id. at 526-528 & n.17.
Hernandez seeks a special rule that would include this time on the theory that his discovery requests would never have been necessary were it not for the egregious conduct of Dookhan, which, he argues, is attributable to the Commonwealth. We decline to fashion such a rule, and note that, here, Dookhan served only as a notary public and did not perform any drug testing. See Gardner, 467 Mass. at 369 ("[T]here was no suggestion in the investigative reports on the Hinton drug lab that Dookhan's misconduct extended beyond cases in which she served as either the primary or the secondary analyst").[14] Importantly, "[ rule 36 ] dismissal is a remedy which infringes drastically on the public interest in bringing guilty persons to trial." Barry, 390 Mass. at 297. We see no basis for departing from the default rules regarding how discovery requests affect rule 36 calculations in this case. For all of the reasons described herein, the trial judge did not err in denying the motion to dismiss.
2. Motion to suppress. Next, we turn to Hernandez's argument that his motion to suppress should have been allowed. In reviewing a decision on a motion to suppress, "we are bound by a judge's subsidiary findings of fact absent clear error." Commonwealth v. Clark, 65 Mass. App. Ct. 39, 43 (2005). Although we "give substantial deference to the judge's ultimate findings and rulings," we also "independently review the correctness of the judge's application of constitutional principles to the facts as found." Commonwealth v. Fisher, 86 Mass. App. Ct. 48, 50 (2014). See Commonwealth v. Kennedy, 426 Mass. 703, 705 (1998) (We view "with particular respect" conclusions of law based on the judge's subsidiary findings of fact).
In order to pass constitutional muster, a nonconsensual entry by police into a private residence must be justified by two conditions, probable cause and exigent circumstances. Commonwealth v. DeJesus, 439 Mass. 616, 619 (2003).
Here, Hernandez does not challenge any of the motion judge's subsidiary factual findings, but argues that her legal conclusions were flawed. Based on the facts found, the judge concluded that the officers had probable cause to believe they had witnessed a drug transaction and that the warrantless entry into the hallway and apartment was justified by exigent circumstances because Hernandez appeared to be attempting to swallow a packet of drugs. We agree.
The motion judge found that O'Connell, the arresting officer, saw the defendant standing in front of the open door to apartment 1, face to face with another man who was standing in the doorway. O'Connell saw that man hand Hernandez some cash, and saw Hernandez hand him a plastic baggie containing a dark substance. The man then handed the object back to Hernandez, who held it up to the light to examine it. The judge found that O'Connell reasonably believed he had witnessed a drug transaction. These findings were sufficient to establish probable cause. See Commonwealth v. Santaliz, 413 Mass. 238, 239-241 (1992).
As to exigency, the motion judge found that, after O'Connell shouldered open the lobby door and yelled "Police," Hernandez ran into apartment 1 while putting the item he was holding into his mouth; O'Connell followed him into the apartment "to prevent the destruction of evidence."
"A reasonable belief as to the potential loss or destruction of evidence may create exigent circumstances permitting a warrantless search and seizure of evidence." DeJesus, 439 Mass. at 620. Moreover, where the arresting officer observed the defendant attempting to swallow a packet of drugs, "it was impracticable for the police to obtain a warrant." Commonwealth v. Forde, 367 Mass. 798, 800 (1975). Accordingly, the judge's finding of exigent circumstances was warranted, and we perceive no error in the denial of the motion to suppress.
3. Confrontation right. Finally, Hernandez argues that the trial judge improperly prevented his counsel from effectively cross-examining Frasca, the primary chemist, in order to impeach her credibility. "A defendant has a constitutional right to examine a witness as to bias. Nevertheless, a judge may limit the scope of cross-examination as long as he or she does not completely bar inquiry into a relevant subject." Commonwealth v. Williams, 456 Mass. 857, 873 (2010) (citation omitted). Although the trial judge sustained numerous objections during cross-examination, he did not completely bar inquiry into any relevant subject. Instead, the judge sustained individual objections where, for example, the questioning was without proper foundation, sought to elicit hearsay, or assumed facts not in evidence. We discern no error.
Judgments affirmed.

The jury acquitted Hernandez of distribution of heroin.

The jury could have concluded from evidence presented that Hernandez was trying to swallow the twist.

O'Connell testified that Hernandez dropped the twist he had been holding as police entered the apartment, and that it was picked up by another person in the apartment.

Rule 36 is "a rule of case management. It is wholly separate from the ... constitutional right to a speedy trial." Commonwealth v. Lauria, 411 Mass. 63, 67 (1991). "It was also designed to 'quantify the time limits beyond which a defendant's speedy trial rights shall be deemed to have been denied,' and thus to facilitate defendants' constitutional right to a speedy trial." Commonwealth v. Taylor, 469 Mass. 516, 517 n.2 (2014), quoting from Reporter's Notes to Rule 36, Massachusetts Rules of Court, Rules of Criminal Procedure, at 235 (Thompson Reuters 2014). As distinct from a rule 36 claim, a constitutional speedy trial claim requires a balancing of four factors: "(1) length of the delay, (2) reasons for the delay, (3) assertion of the right, and (4) prejudice to the defendant." Commonwealth v. Look, 379 Mass. 893, 898 (1980). Although Hernandez invokes his constitutional right to a speedy trial in passing, where he does not address the balancing of factors described above or suggest that he was prejudiced by the delay, we do not pass upon it. See Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975) ("[T]he appellate court need not pass upon questions or issues not argued in the brief").

The Commonwealth concedes that the period between the day after Hernandez's arraignment (March 30, 2011) and May 17, 2011, should be included in the rule 36 calculation. Hernandez argues that this period should be extended to October 4, 2011, adding more than four months. This argument is unavailing because the docket shows appearances by the parties on June 23 and August 19, 2011, with no objection by Hernandez's counsel to any delay. See Lauria, 411 Mass. at 68 ("[W]hen a defendant has not entered an objection to a delay, he may be deemed to have acquiesced in the passage of time"); Taylor, 469 Mass. at 524 ("A defendant must ... explicitly and formally object, on the record, to each and every proposed continuance or delay"). See also Barry, 390 Mass. at 298.

The twelve months referenced in rule 36(b)(1)(C) amount to 366 days in this case, because 2012 was a leap year. See Commonwealth v. Williams, 475 Mass. at 714-715 & n.12.

As conceded by the defendant, the twenty-nine day period during which the motion was under advisement was properly excluded pursuant to Mass.R.Crim.P.36(b)(2)(A)(vii).

The defendant claims that an objection to the continuance from December 6, 2013, to January 23, 2014, can be ascertained from the transcript even though it does not appear on the docket sheet. Even if defendant is correct, this objection is of no help to him because it occurred during the time that he was actively seeking discovery beneficial to himself. See discussion of Commonwealth v. Taylor, 469 Mass. 517 (2014), infra.

These thirty-two days are "included" time in the rule 36 calculation.

Even if we were to agree with Hernandez that some portion of the time between December 10, 2012, and February 25, 2014, should be included in the rule 36 calculation, we would not necessarily include the time between December 4, 2013, and February 25, 2014, during which the responsive papers were in the clerk's office, but had been misfiled. See Lauria, 411 Mass. at 70 ("There obviously should be no per se rule that delay caused by court papers being misplaced always counts against the Commonwealth and in favor of the defendant").

The docket and transcripts show that the hearing on the rule 17 motion was continued from March 28 to May 1, 2013, and was continued again, at the request of Hernandez's counsel, to May 14. On May 14, the hearing was continued again to July 1, and Hernandez claims that the transcript shows an objection to this continuance even though the docket does not (we note that the Commonwealth concedes in its brief that this continuance was over the objection of defendant's counsel). This is of no consequence, however, because the hearing on the motion for subpoenas was not concluded until July 1, 2013, and thus, the time is excluded. See Mass.R.Crim.P. 36(b)(2)(A)(v) ; McDonald, 21 Mass. App. Ct. at 371. Without conceding the point, Hernandez acknowledges this basis for excluding the time between May 14 and July 1, 2013, when he argues in the alternative that the included time should begin after July 1.

We assume without deciding that the time between the date the case was dismissed and the date it was restored to the docket is chargeable to the Commonwealth. See Commonwealth v. Denehy, 466 Mass. 723, 725-726, 730 (2014).

Hernandez's appellate counsel urges us to consider defense counsel's need for the materials sought in the discovery motions from the perspective that existed at the time, not from a later perspective after the investigation of the Hinton drug lab had been completed. Even from the defendant's preferred perspective, however, the serious nature of the scandal as it then unfolded does not justify relieving the defendant of his obligation to "press his case" and to seek sanctions if necessary in the face of recalcitrant witnesses under subpoena. See Commonwealth v. Amidon, 428 Mass. 1005, 1007 (1998), quoting from Commonwealth v. Marable, 427 Mass. 504, 507 (1998) ("[C]riminal defendants, in addition to having an obligation to object to delay, also have a responsibility to press their case through the criminal justice system").